**Motion for Rehearing Denied; Affirmed; Opinion of July 24, 2014 Withdrawn, and Substitute Opinion filed September 25, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00967-CV

---

**KINGS RIVER TRAIL ASSOCIATION, INC. AND KINGS RIVER VILLAGE COMMUNITY ASSOCIATION, INC., Appellants**

**V.**

**PINEHURST TRAIL HOLDINGS, L.L.C., Appellee**

---

### NO. 14-12-01008-CV

---

**PINEHURST TRAIL HOLDINGS, L.L.C., Appellant**

**V.**

**KEVIN DONNELLAN, MICHAEL DOLE, OLLIE DOLE, CARROLL KITE, JOAN KITE, GARY LEVICKY, EDWARD MILLER, SHIRLEY MILLER, ROBERT MORGAN, SYLVIA MORGAN, JOHN PING, MARSHA PING, JAMES POLK, DEBRA POLK, TERRY RAATZ, LINDA RAATZ, DOUGLAS SMITH, PAMELA SMITH, SIDNEY SMITH, RUTH SMITH, JOSEPH ZOLMAN, MARCEY ZOLMAN, DARIN LASATER, KRISTI LASATER, KINGS RIVER TRAIL ASSOCIATION, INC. AND KINGS RIVER VILLAGE COMMUNITY ASSOCIATION, INC., Appellees**

## S U B S T I T U T E   O P I N I O N [1]

These consolidated appeals are from a judgment disposing of various claims between a company that purchased property on which golf courses and undeveloped acreage were located, on one side, and owners of nearby homes and two homeowners' associations on the other side. In the appeal by the homeowners' associations, we address whether the trial court erred in granting summary judgment as to the associations' claims that they adversely possessed certain biking and hiking trails. We also determine whether we may address the merits of the associations' appellate issue regarding certain requests for declaratory relief despite the associations' failure to request a record of all trial evidence and their failure to submit a statement of points or issues to be presented on appeal, as required by Texas Rule of Appellate Procedure 34.6(c). In the appeal by the owner of the undeveloped acreage, we consider whether the trial court abused its discretion by failing to award attorney's fees under the Declaratory Judgments Act and whether this court should award just damages under Texas Rule of Appellate Procedure 45 based on a frivolous appeal. We affirm the trial court's judgment but deny the request for frivolous-appeal damages.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Kings River Trail Association, Inc. and Kings River Village Community

---

[1] We deny the motion for rehearing filed by Kings River Trail Association, Inc. and Kings River Village Community Association, Inc.; we withdraw the opinion issued in this case on July 24, 2014, and issue this substitute opinion.

Association, Inc. (collectively the "Associations") and various individuals filed suit against Pinehurst Trail Holdings, L.L.C. ("Pinehurst"). Eventually the individual plaintiffs were Kevin Donnellan, Michael Dole, Ollie Dole, Carroll Kite, Joan Kite, Gary Levicky, Edward Miller, Shirley Miller, Robert Morgan, Sylvia Morgan, John Ping, Marsha Ping, James Polk, Debra Polk, Terry Raatz, Linda Raatz, Douglas Smith, Pamela Smith, Sidney Smith, Ruth Smith, Joseph Zolman, Marcey Zolman, Darin Lasater, and Kristi Lasater (collectively the "Individual Plaintiffs").

The Associations and the Individual Plaintiffs (hereinafter collectively the "Plaintiffs") alleged that the property at issue in this lawsuit lies within subdivisions known as Pinehurst of Atascocita, Island Greens, and Kings River Village and that within this area were three nine-hole golf courses, as well as roughly eighty-five acres of land originally designated for golf course use, of which 53.075 acres (hereinafter the "Property") were deed restricted to golf course use only when Pinehurst purchased the Property. The Plaintiffs asserted that each of the Individual Plaintiffs owned a single-family residence built on a lot in this area that is immediately adjacent to one of the three golf courses or to the undeveloped eighty-five acres (hereinafter the "Undeveloped Acreage"). In 2009, Pinehurst purchased the property on which the three nine-hole golf courses were located, as well as the Undeveloped Acreage.

In their live pleading, the Plaintiffs alleged that each of the Associations owns property immediately adjacent to the Undeveloped Acreage or has maintained greenbelt trails on this property (hereinafter the "Trails") and that each of the Associations has acquired title to part of the Undeveloped Acreage by adverse possession. The Plaintiffs asserted various claims and sought damages and injunctive relief. They also sought a declaratory judgment that (1) the Undeveloped

Acreage is part of a golf course and country club scheme or general plan creating an implied covenant or equitable servitude in favor of the Plaintiffs that is binding on Pinehurst; (2) the Undeveloped Acreage is subject to a "Golf Course Use Only" restriction; (3) the "Amendment to Correction Special Warranty Deed" executed in 2009 (hereinafter "2009 Amendment"), which purports to alter a use restriction on the Property, is an invalid deed; and (4) the Associations have acquired title to portions of Pinehurst's property through adverse possession.

The trial court granted Pinehurst's no-evidence motion for summary judgment as to the Associations' adverse-possession claims and fraud claims. The trial court denied various summary-judgment motions, including a summary-judgment motion in which the Plaintiffs asserted that the 2009 Amendment was invalid. The Plaintiffs' remaining claims were tried in a two-week jury trial. The jury found, among other things, that there was no general plan or scheme of development whereby the Property was restricted to golf course use for the benefit of adjacent subdivided lot owners.

The Plaintiffs filed a "Motion for Entry of Judgment," in which they asserted that they were entitled as a matter of law to a declaratory judgment that the Undeveloped Acreage is subject to a "Golf Course Use Only" restriction and that the 2009 Amendment is invalid. The trial court impliedly denied this motion when it rendered its final judgment. In this judgment, the trial court determined that it would not be equitable or just to award attorney's fees, and the court did not award attorney's fees under the Declaratory Judgments Act to any party. The Associations and Pinehurst appealed. The Individual Plaintiffs did not appeal.[2]

---

[2] Before the trial began, Plaintiffs Carroll Kite and Joan Kite nonsuited their claims against Pinehurst with prejudice, and this nonsuit was reflected in the trial court's final judgment.

## II. ISSUES AND ANALYSIS

In their appeal, the Associations assert the trial court improperly (1) granted Pinehurst's no-evidence motion for summary judgment as to the Associations' adverse-possession claims; (2) denied the Associations' no-evidence motion for summary judgment as to the alleged invalidity of the 2009 Amendment; and (3) denied the Associations' requests for a declaratory judgment that the Undeveloped Acreage is subject to a "Golf Course Use Only" restriction and that the 2009 Amendment is an invalid deed. In its appeal, Pinehurst asserts the trial court abused its discretion under the Declaratory Judgments Act in failing to award Pinehurst its reasonable and necessary attorney's fees. Pinehurst also asserts that it should be awarded damages against the Associations under Texas Rule of Appellate Procedure 45 because the Associations' appeal is frivolous. This court has consolidated these two appeals.

### A. Was Pinehurst's summary-judgment motion as to the Associations' adverse-possession claims ripe?

For the first time on appeal, the Associations assert that Pinehurst's summary-judgment motion was not ripe because it sought dismissal of the Associations' adverse-possession claims before the Associations had asserted any such claims. Pinehurst asserted that there was no evidence as to essential elements of the Associations' adverse-possession claims. An inquiry as to whether these no-evidence summary-judgment grounds were ripe for determination focuses on whether the these grounds involve uncertain or contingent future events that may not occur as anticipated or may not occur at all. *See Patterson v. Planned Parenthood of Houston & Southeast Tex., Inc*., 971 S.W.2d 439, 442 (Tex. 1998). The ripeness doctrine serves to avoid premature adjudication. *See id*. The Associations assert that these no-evidence grounds lacked ripeness because the

Associations were not asserting any adverse-possession claims when these grounds were asserted.

When Pinehurst asserted these no-evidence grounds, the Associations had alleged in their Third Amended Petition (their live pleading at that time) that each of the Associations had acquired title to part of the Undeveloped Acreage by adverse possession. Because no special exceptions were sustained against the Associations' live petition, this court construes that pleading liberally to include all claims that reasonably may be inferred from the language used in the petition, even if the petition does not state all the elements of the claim in question. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex. 2000). Assessing the Associations' Third Amended Petition under this construction, we conclude that the Associations were asserting adverse-possession claims against Pinehurst when Pinehurst filed its no evidence motion against these claims. *See id.*

In their summary-judgment response, the Associations did not state that they were not asserting any adverse-possession claims. On the contrary, the Associations asserted that Pinehurst was wrong to allege that the Plaintiffs have no evidence to support their adverse-possession claims. The Associations asserted that they had adversely possessed portions of Pinehurst's property and that the trial court should deny Pinehurst's summary-judgment motion. Before the trial court ruled on this summary-judgment motion, the Plaintiffs filed their Sixth Amended Petition, in which they expressly requested that the trial court render a declaratory judgment that the Associations have acquired title to portions of Pinehurst's property through adverse possession.

Concluding that the issues raised by Pinehurst's no-evidence motion were

ripe, we now turn to address the merits of the Associations' first issue.[3] *See Hirschfeld Steel Co. v. Kellogg Brown & Root, Inc.*, 201 S.W.3d 272, 278–79 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that claims were ripe).

**B.    Did the trial court err in granting summary judgment as to the Associations' adverse-possession claims?**

In their first issue, the Associations assert that the trial court erred in granting Pinehurst's no-evidence motion for summary judgment as to the Associations' adverse-possession claims. In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

---

[3] The Associations also assert that, because Pinehurst's no-evidence motion was not ripe, to challenge the Associations' assertion that they have a claim to the Trails by adverse possession, Pinehurst would be required to assert a trespass-to-try-title counterclaim, as to which Pinehurst would have had the burden of proof. A premise of this argument is that Pinehurst's no-evidence motion was not ripe. Because the motion was ripe, we need not address this argument.

The Associations asserted that they adversely possessed certain biking and hiking trails on the Undeveloped Acreage. We presume for the sake of argument that each of the Associations asserted that it had adversely possessed different parts of the Trails in the Undeveloped Acreage.[4] For there to be an adverse possession of a part of the Trails by one of the Associations, the entity in question must have actually and visibly appropriated that part of the Trails and commenced and continued this appropriation under a claim of right that is inconsistent with and hostile to the claim of another person. *See* Tex. Civ. Prac. & Rem. Code Ann. §16.021(1) (West 2014); *Tran v. Macha*, 213 S.W.3d 913, 914 (Tex. 2006). Each of the Associations must have appropriated that part of the Trails with the intent to claim that part of the Undeveloped Acreage as its own. *See Tran*, 213 S.W.3d at 914. Joint use is not enough, because the appropriation must be of such character as to indicate *unmistakably* an assertion of a claim of exclusive ownership by each of the Associations to the part of the Trails in question. *See id*. Mere occupancy of land without any intent to appropriate it does not support adverse possession. *See id*. at 915. In its summary-judgment motion, Pinehurst asserted, among other things, that there was no evidence that either of the Associations actually and visibly appropriated any portion of Pinehurst's property under a claim of right. In response, the Associations submitted an affidavit from Mary Ann Lapeze, the Vice President of the Board of Trustees for Kings River Trail Association, Inc. (hereinafter the "Trail Association"), who testified as follows:

- "It is our responsibility to maintain and preserve the trails within our community, which were established by Friendswood Development Company. . . ."
- The trails border Kings River Village on the east side of West Lake Houston

---

[4] Maps attached to the summary-judgment affidavits of Amy Bures Danna and Mary Ann Lapeze are not entirely clear, but they indicate that each of the Associations asserts that it has adversely possessed different portions of the Trails.

8

Parkway and are for the benefit of the homeowners.

- Since as early as 1994, the Trail Association has maintained a portion of the property that abuts the curb line on West Lake Houston Parkway between Kings River Park Way and Upper Lake Drive and inward for seventy-five feet.

- It was intended that the Trail Association be deeded these trails upon the inception of the Trail Association, when the Trail Association began maintaining these trails.

- It was later discovered that title to the trails did not get deeded to the Trail Association as intended.

- Despite learning this news several years later, the Trail Association continued to maintain these trails by "mowing, watering, providing electricity for street lights, and repairing hazardous situations." The Trail Association continues to maintain these trails.

- In 2009, Plaintiffs had over ten years' of open use of these trails. Attached to Lapeze's affidavit is a map of the property the Trail Association maintains as its own.

The Associations also submitted an affidavit from Amy Bures Danna, the Vice President of the Board of Trustees for Kings River Village Community Association, Inc. (hereinafter the "Village Association"), who testified as follows:

- Part of the duty of the Village Association is to maintain common areas going east from West Lake Drive, extending from the curb inward for seventy-five feet and going east from West Lake Houston Parkway alongside Kings Park Way.

- Since 1994, the Village Association has maintained this property.

- It was intended that the Village Association be deeded these trails upon the inception of the Village Association, when the Village Association began maintaining these trails.

- It was later discovered that title to the trails did not get deeded to the Village Association as intended.

- Despite learning this news several years later, the Village Association continued to maintain these trails by "mowing, watering, providing electricity for street lights, and repairing hazardous situations." The Village Association continues to maintain these trails.

9

- In 2009, Plaintiffs had over ten years' of open use of this property. Attached to Danna's affidavit is a map of the property the Village Association maintains as its own.

The summary-judgment evidence also contains various business records of the Village Association regarding maintenance, as well as a 1998 edition of a newsletter for Kings River residents that mentioned a plan that was discussed that included "making the trails with ¼ or ½ mile marks, fitness stations and placing signs that identify trees and shrubs." The newsletter refers to an enclosed map showing "where there are or will be trails or walks provided by the developer as much as we know at this time." The summary-judgment evidence also contains deposition excerpts from the deposition of Joe Stunja, who the Plaintiffs stated was a principal of Pinehurst, who testifies that (1) there is a greenbelt trail that runs on the property that Pinehurst owns; (2) Stunja understands that the Trail Association has maintained that greenbelt since it was created; (3) Stunja is aware that either the Trail Association or the Village Association maintains the greenbelt trails "running from West Lake Houston Parkway down Kings Parkway"; and (4) the original members of the boards of the Trail Association and the Village Association indicated that there was a commitment by those boards to maintain the trails "even though it was others['] property for the benefit of the community."

The summary-judgment evidence reflects that each of the Associations has been maintaining certain trails on Pinehurst's property since 1994. The evidence also indicates that the members of each of the Associations use these trails. The evidence indicates that, for the first several years, each of the Associations believed that it held title to the trails that each was maintaining. After each of the Associations learned that it did not hold title to the trails, each of the Associations continued to maintain the respective trails. Our record contains no evidence that either of the Associations excluded Pinehurst or any predecessor in title from using

10

any of the trails or that either of the Associations intended to exclude Pinehurst or any predecessor in title from such use.[5] After reviewing all of the summary-judgment evidence under the applicable standard of review, we conclude that this evidence does not raise a genuine issue of fact as to whether the Trail Association or the Village Association actually and visibly appropriated any portion of Pinehurst's property under a claim of right.[6] *See Tran*, 213 S.W.3d at 914–15. Therefore, the trial court did not err in granting Pinehurst's no-evidence motion for summary judgment as to the Associations' adverse-possession claims.[7] Accordingly, we overrule the Associations' first issue.

### C.    May this court review the trial court's order denying the Associations' summary-judgment motion?

In their second issue, the Associations assert that the trial court erred in denying their no-evidence motion for summary judgment as to the alleged invalidity of the 2009 Amendment. In this motion, the Associations asserted they were entitled to a summary judgment declaring that the 2009 Amendment is invalid and unenforceable as a matter of law. The trial court signed an order denying this summary-judgment motion, and the Associations' claims for

---

[5] The Associations also cite *Chittim v. Auld. See* 219 S.W.2d 702 (Tex. App.—San Antonio 1949, writ ref'd n.r.e.). But, the facts of *Chittum* are materially different from the facts shown by the summary-judgment evidence in today's case. *See id*. at 704–07.

[6] The Associations cite *DeArman v. Surls. See* 618 S.W.2d 88, 93 (Tex. Civ. App.—Tyler 1981, writ ref'd n.r.e.), a case in which the Tyler Court of Appeals held that evidence of the appellants' repair of fences, cutting of a few sticks of pulpwood, using and repairing the roadway, giving permission to others to hunt, and permitting their livestock to graze on the disputed tract, under the circumstances disclosed by the record, did not establish an actual and visible appropriation of the disputed land. *See id*. The *DeArman* court held that the evidence did not establish adverse possession as a matter of law. *See id*. The *DeArman* court did not hold that there was a fact issue as to adverse possession, though it did state in an obiter dictum that, at most, the evidence would only be sufficient to raise a fact issue. *See id*. The *DeArman* case is not on point.

[7] We need not and do not address whether declaratory-judgment claims were a proper vehicle for resolving the Associations' adverse-possession claims.

11

declaratory relief in this regard proceeded to a jury trial. Therefore, on appeal we may not review the trial court's denial of the Associations' summary-judgment motion. *See 2001 Trinity Fund LLC v. Carrizo Oil & Gas, Inc.*, 393 S.W.3d 442, 456, n.6 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Houston v. Ludwick*, No. 14-09-00600-CV, 2010 WL 4132215, at \*5 (Tex. App.—Houston [14th Dist.] Oct. 21, 2010, pet denied) (mem. op.). Thus, we do not consider the Associations' second issue.

**D.    Do the Associations have standing to seek a declaratory judgment that the Undeveloped Acreage is subject to a restriction and that the 2009 Amendment is invalid?**

The Associations' third issue involves their requests for a declaratory judgment that the Undeveloped Acreage is subject to a "Golf Course Use Only" restriction and that the 2009 Amendment is an invalid deed. Pinehurst asserts that the Associations lack standing to seek these declarations because the Associations have no privity of contract or privity of estate with any of the parties to the 1993 Correction Special Warranty Deed or with any of the parties to the 2009 Amendment, which purports to amend the 1993 deed.

The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A plaintiff has standing when it is personally aggrieved. *Id*. The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Id*. at 849. The Associations have organizational standing if (1) their respective members otherwise would have standing to sue in their own right; (2) the interests they seek to protect are germane to their purpose; and (3) neither the claims asserted nor the relief requested requires the

12

participation of individual members in the lawsuit. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993). We conclude that each of the Associations has standing to seek a declaratory judgment that the Undeveloped Acreage is subject to a "Golf Course Use Only" restriction or that the 2009 Amendment is an invalid deed. *See Bank of New York Mellon v. Soniavou Books, LLC*, 403 S.W.3d 900, 906 n.2 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Smalley v. Smalley*, 399 S.W.3d 631, 636 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

> **E.** **Did the trial court err in denying the Associations' requests for a declaratory judgment that the Undeveloped Acreage is subject to a "Golf Course Only" restriction and that the 2009 Amendment is invalid?**

After the trial court denied the Associations' summary-judgment motion as to the alleged invalidity of the 2009 Amendment, the trial court did not sever any claims or order a separate trial as to any claims. Instead, the pending claims proceeded to a jury trial, including the claims in which the Associations requested declaratory judgments that the Undeveloped Acreage is subject to a "Golf Course Use Only" restriction and that the 2009 Amendment is invalid (hereinafter collectively the "Declaratory Judgment Requests"). The trial lasted two weeks, and more than two dozen witnesses testified. The jury did not answer any questions regarding any of the Declaratory Judgment Requests, and no party requested that any such questions be submitted to the jury. After trial, the Associations filed a "Motion for Entry of Judgment," in which they asserted that they were entitled as a matter of law to have the Declaratory Judgment Requests granted. The trial court impliedly denied this motion when it rendered its final judgment. The Associations also filed a motion for new trial, in which they asserted that the evidence conclusively proved that the 2009 Amendment is invalid

13

and that the trial court erred in denying their request for a declaration that this amendment is invalid. The trial court denied this motion.

In their third issue, the Associations assert that the trial court erred in denying the Declaratory Judgment Requests. In this context, for the trial court to have erred, the evidence at trial must have proved conclusively the Associations' entitlement to this declaratory relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.007 (West 2014) (stating that, if a proceeding under the Texas Declaratory Judgments Act involves the determination of a fact issue, the issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions); Tex. R. Civ. P. 279 (stating that "[u]pon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived"); *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 598–99 (Tex. 2008) (noting that, under Texas Rule of Civil Procedure 279, if no element of an independent ground of recovery is included in the jury charge without request or objection, the ground of recovery is waived unless the ground of recovery is conclusively established by the evidence); *Hirschfeld Steel Co., Inc.*, 201 S.W.3d at 287–88 (holding that party could not recover under breach-of-oral-contract ground of recovery because no element of this ground of recovery was submitted to the jury or requested and because the trial evidence did not conclusively prove this ground).

The Associations requested the court reporter to prepare a partial reporter's record from the trial. The record indicates that more than two dozen witnesses testified at trial, but our appellate record contains the trial testimony of only nine witnesses. The record does not contain a reporter's record reflecting the proceedings during voir dire, opening statements, closing statements, the charge conference, or any bench conferences other than those that occurred during the

14

examination of the nine witnesses whose testimony is included in the record. The record contains all of the trial exhibits.

Our record does not contain any written request from the Associations to the court reporter to prepare the reporter's record. *See* Tex. R. App. P. 34.6(b). On appeal, Pinehurst asserts that the Associations never filed a request for the reporter's record with the trial court, never sent a copy to Pinehurst's counsel, and never made a written statement of the points or issues to be presented on appeal, as the rules prescribe in an appeal with a partial reporter's record. *See* Tex. R. App. P. 34.6(b), (c). In their reply brief, the Associations indicate that they did not provide a statement of appellate points or issues to be presented on appeal, either with their request for the reporter's record or afterwards.

We do not have all the evidence from the trial. The Associations have not followed the steps set forth in the Texas Rules of Appellate Procedure for an appeal based on a partial reporter's record. *See* Tex. R. App. P. 34.6(c). In sum, the record does not contain any written request by the Associations for a partial reporter's record, nor does the record reflect that the Associations submitted a statement of points or issues to be presented on appeal, as required by Rule 34.6(c)(1).

A late-filed statement of points or issues may support the presumption that the record is complete unless the appellee demonstrates that the late filing of the statement adversely affected the appellee. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam); *Burns v. Mullin*, 14-12-00966-CV, 2013 WL 5631031, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op). Nonetheless, when an appellant completely fails to file a statement of points or issues, an appellate court must presume that the omitted portions of the record

are relevant to the disposition of the appeal and that they support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *Burns*, 2013 WL 5631031, at \*1–2.

The Associations assert that they presented adverse-possession claims and sought to have the 2009 Amendment declared invalid, while the Individual Plaintiffs sought to impose implied restrictions on the existing golf courses. But, in the live pleading at the time the Plaintiffs went to trial, all Plaintiffs asserted all claims, except that there was no allegation that the Individual Plaintiffs adversely possessed any property. The Associations assert that the claims seeking to impose restrictions on the existing golf courses became moot after trial and that Pinehurst is aware that these claims are moot. The Associations claim that they made clear that a limited appeal would follow when only they appealed and the Individual Plaintiffs did not. The Associations argue that Pinehurst is well aware of the difference in the claims asserted by the two subsets of Plaintiffs and that Pinehurst was aware that the Associations had requested and filed the entire reporter's record relating to their claims. But, as noted above, other than as to the adverse-possession claims (which were disposed of on summary judgment and are not the subject of the third issue), the live petition does not reflect that the Associations were asserting different claims from the Individual Plaintiffs. That the Associations were the only Plaintiffs that appealed does not excuse the Associations from the requirement of filing a statement of points or issues for any appeal on a partial record. *See Bennett*, 96 S.W.3d at 229–30; *Burns*, 2013 WL 5631031, at \*1–2. Even if, contrary to the live petition, the Associations had asserted separate claims from those asserted by the Individual Plaintiffs, that would not have given Pinehurst notice of the points or issues to be presented by the Associations on appeal.

The Associations also cite *Segrest v. Segrest* and assert that their third issue

16

involves a strict question of law that does not require a review of evidence. *See* 649 S.W.2d 610, 611–12 (Tex. 1983). The *Segrest* court concluded that a reporter's record is not necessary on appeal for adjudication of matters that are strictly questions of law that do not require reference to the evidence at trial. *See id.*; *Sam Houston Hotel, L.P. v. Mockingbird Restaurant, Inc.*, 191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.). *See also* Tex. R. App. P. 34.1 (stating that "[t]he appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record"). The *Segrest* court held that a reporter's record was not necessary because the case involved matters that were strictly questions of law that did not require reference to the evidence. *See Segrest*, 649 S.W.2d at 611–12. The high court addressed whether a decision of the United States Supreme Court applied retroactively to divorce decrees that had become final before the high court decided the case. *See id.* at 611–13.

Under their third issue on appeal, the Associations assert the following:

- The Associations seek "an extension of current legal guidelines."
- Pinehurst "glosses over the *overwhelming facts* in this case . . . ."[8]
- "Conclusions of law . . . may be reviewed to determine their correctness based upon the facts . . .[t]his is what [the Associations] now come to the Court of Appeals to seek . . . ."
- "[T]he law regarding restrictive covenants in a subdivision should be extended to the factual situation presented in the case."
- A developer's unilateral right to impose any restrictions it chooses within a subdivision or amend or vacate those restrictions ceases once lots are subdivided and sold. And, this legal principle applies to the circumstances in this case.
- Representatives of the Associations testified at trial that the restrictions imposed by the 1993 deed were a selling point for residential homes in Kings River Village.

---

[8] (emphasis added).

The Associations' argument under their third issue contains numerous citations to testimonial and documentary evidence from trial contained in the incomplete reporter's record, including at least ten citations to trial testimony. We conclude that the Associations' third issue does not involve matters that are strictly questions of law that do not require reference to the evidence at trial. *See Segrest*, 649 S.W.2d at 611–13; *Sam Houston Hotel, L.P.*, 191 S.W.3d at 720–21. Therefore, a review of the trial evidence still is necessary. *See Sam Houston Hotel, L.P.*, 191 S.W.3d at 720–21 (holding that appellate issues required reference to the trial evidence and therefore the case did not fall within the scope of *Segrest*).

We do not have a record of all the trial evidence, and the Associations completely failed to file a statement of points or issues to be presented on appeal.[9] Therefore, on appeal, we must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment denying each of the Associations' Declaratory Judgment Requests.[10] *See Bennett*, 96 S.W.3d at 229–30; *Burns*, 2013 WL 5631031, at *1–2. Under this presumption, we must overrule the Associations' third issue.

---

[9] The Supreme Court of Texas has not required strict compliance with all of the provisions of Texas Rule of Appellate Procedure 34.6; instead the high court has adopted "a more flexible approach in certain cases." *See Bennett*, 96 S.W.3d at 229. Nonetheless, the *Bennett* court cautioned that litigants should not view the relaxation of rules in a particular case as endorsing noncompliance, and the court stated that a complete failure to file a statement of points or issues to be presented on appeal would not satisfy Rule 34.6 and would not change the presumption that the omitted portions of the record support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *Haut v. Green Cafe Management, Inc.*, 376 S.W.3d 171, 179–80 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In the case under review, no statement of points or issues was filed.

[10] This court's holding in *W&F Transportation, Inc. v. Wilhelm* is not on point because the case under review involves a partial reporter's record that does not contain all of the trial evidence. *See* 208 S.W.3d 32, 39 (Tex. App.—Houston [14th Dist.] 2006, no pet.)

**F.    Does this court lack jurisdiction over Pinehurst's first issue because Pinehurst allegedly failed to appeal as to the Individual Plaintiffs?**

In the first issue, Pinehurst asserts that the trial court abused its discretion under the Declaratory Judgments Act in failing to award Pinehurst its reasonable and necessary attorney's fees. The Associations assert that this court lacks jurisdiction over this issue because Pinehurst appealed only as to the Associations and not as to the Individual Plaintiffs. This premise is incorrect. Pinehurst filed a notice of appeal from the trial court's judgment, which is sufficient to give this court jurisdiction over all parties to the judgment, including the Individual Plaintiffs. *See* Tex. R. App. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from"); *Phillips v. Bramlett*, 407 S.W.3d 229, 235 (Tex. 2013). Therefore, this court has jurisdiction over Pinehurst's first issue.

**G.    Did the trial court abuse its discretion by failing to award Pinehurst attorney's fees under the Declaratory Judgments Act?**

Under the Declaratory Judgments Act, the trial court may award reasonable and necessary attorney's fees as are equitable and just. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2014). The jury found a reasonable fee for the necessary services of Plaintiffs' attorney as well as for Pinehurst's attorneys. But, the trial court determined that it would not be equitable or just to award attorney's fees, and the trial court did not award attorney's fees under the Declaratory Judgments Act to any party. We review this ruling for an abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Applying this standard, we conclude that the trial court did not abuse its discretion by failing to award

Pinehurst attorney's fees under the Declaratory Judgments Act.[11]  *See United Interests, Inc. v. Brewington, Inc.,* 729 S.W.2d 897, 906 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).  Accordingly, we overrule Pinehurst's first issue.

**H.     Should this court award Pinehurst damages under Texas Rule of Appellate Procedure 45?**

In its second issue, Pinehurst asserts that this court should award Pinehurst just damages against the Associations under Texas Rule of Appellate Procedure 45, entitled "Damages for Frivolous Appeals in Civil Cases," because the Associations' appeal is frivolous.  *See* Tex. R. App. P. 45. This court may award just damages under Rule 45 if, after considering everything in its file, this court makes an objective determination that the appeal is frivolous.  *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). To determine whether an appeal is objectively frivolous, this court reviews the record from the viewpoint of the advocate and decides whether the advocate had reasonable grounds to believe the case could be reversed.  *Id.* But, Rule 45 does not mandate that this court award just damages in every case in which an appeal is frivolous.  *Id.*  The decision to award such damages is a matter within this court's discretion, which this court exercises with prudence and caution after careful deliberation.  *Id.*  We conclude that damages under Rule 45 are not warranted in today's case.  Accordingly, we overrule Pinehurst's second issue.

---

[11] Approximately three months before the Associations filed their opening brief, Pinehurst filed and served a written request for a partial reporter's record including a statement of points or issues to be presented on appeal.  Under precedent from the Supreme Court of Texas, Texas Rule of Appellate Procedure 34.6(c) applies and we presume that the partial reporter's record designated by Pinehurst constitutes the entire record for purposes of reviewing the stated points or issues.  *See* Tex. R. App. P. 34.6(c); *Bennett*, 96 S.W.3d at 228–30.

20

### III. CONCLUSION

The issues raised by Pinehurst's no-evidence motion were ripe, and the trial court did not err in granting Pinehurst's no-evidence motion for summary judgment as to the Associations' adverse-possession claims. Because the trial court denied the Associations' summary-judgment motion seeking a declaration that the 2009 Amendment is invalid, and because the Associations' claims for this declaratory relief proceeded to a jury trial, this court may not review the trial court's denial of this summary-judgment motion. The Associations have standing to seek a declaratory judgment that the Undeveloped Acreage is subject to a "Golf Course Use Only" restriction and that the 2009 Amendment is an invalid deed.

We do not have a record of all the trial evidence, and the Associations failed to file a statement of points or issues to be presented on appeal. Therefore, we are obliged to presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment denying each of the Associations' Declaratory Judgment Requests.

The trial court did not abuse its discretion by failing to award Pinehurst attorney's fees under the Declaratory Judgments Act. Because we conclude that damages under Rule 45 are not warranted, Pinehurst's request for this relief is denied.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

21