**Affirmed and Memorandum Opinion filed October 31, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00493-CV

---

## DOSHIA LITTLES, Appellant

### V.

## TIFFANY SMITH, Appellee

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1085991**

---

## MEMORANDUM OPINION

In her appeal in this auto-accident case, the appellant asserts that the trial court erred in submitting a sudden-emergency instruction to the jury and that the evidence is legally and factually insufficient to support the jury's failure to find that the defendant/appellee was negligent. These appellate issues require a review of the trial evidence. Yet, our appellate record does not contain the entire record of the trial proceedings, and the appellant has not followed the procedures outlined in Texas Rule of Appellate Procedure 34.6(c). Therefore, we must presume that the

omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment. Under these presumptions, the appellant cannot prevail in this appeal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Doshia Littles sued appellee Tiffany Smith seeking to recover personal-injury damages under a negligence claim arising from an automobile collision. The collision occurred when Smith, who was driving her vehicle behind Littles's vehicle on Interstate 10, rear-ended Littles's vehicle. According to Smith, both motorists were traveling in the far-right lane. Smith testified that another vehicle unexpectedly swept across their lane, cutting in front of Littles, forcing both Littles and Smith to slam on their brakes.

The case went to trial, and over Littles's objection, the trial court included in its charge to the jury an instruction on sudden emergency. The reporter's record on appeal affirmatively states that it contains only excerpts of the record of the trial proceedings. The reporter's record contains Smith's testimony as a witness in Littles's case-in-chief as well as the jury-charge conference. The record also reflects that Smith did not offer any evidence at trial. The record does not contain a record of the proceedings during voir dire, opening statements, or closing argument. Nor does the record contain any trial exhibits. Though the reporter's record reflects that Littles testified at trial, the reporter's record does not contain a transcription of any of this testimony.

The jury answered "No" in response to the question, "[D]id the negligence, if any, of [Smith] proximately cause the occurrence in question?" The trial court rendered judgment that Littles take nothing, noting in the judgment that the jury "heard the witnesses, evidence submitted and arguments of counsel." Littles timely perfected appeal.

2

## II. ANALYSIS

In her first appellate issue, Littles asserts that the trial court reversibly erred in submitting a sudden-emergency instruction to the jury. Under her second appellate issue, Littles asserts that the jury's verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. Liberally construing Littles's appellate brief, we conclude that Littles argues the evidence is legally and factually insufficient to support the jury's sole answer. Smith, in response, not only addresses the merits of Littles's points but also argues that Littles cannot succeed in this appeal because Littles requested a partial record of the trial proceedings yet did not comply with the procedures outlined in Texas Rule of Appellate Procedure 34.6(c).

The lack of a reporter's record often strikes a fatal blow to the appeal, though the law recognizes certain exceptions to this rule. *See King's River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 449–51 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Middleton v. Nat'l Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.). One exception allows a court — without a reporter's record — to decide strict issues of law that do not require a review of the evidence. *See Segrest v. Segrest*, 649 S.W.2d 610, 611–12 (Tex. 1983). Another exception allows courts to decide appeals on a partial reporter's record under the procedures outlined in Texas Rule of Appellate Procedure 34.6. *See* Tex. R. App. P. 34.6(c). Neither exception applies to this appeal.

Littles's first issue — that the trial court reversibly erred in submitting a sudden-emergency instruction — requires review of the entire record of the trial court proceedings, at a minimum, to assess any harm. *See Thota v. Young,* 366 S.W.3d 678, 693 (Tex. 2012); *DeWolf v. Kohler*, 452 S.W.3d 373, 394–95 (Tex.

App.—Houston [14th Dist.] 2014, no pet.). And, any review of her second issue — a challenge to the sufficiency of the evidence to support the jury's sole answer — is unavoidably evidentiary. *See Chapa v. Lone Star Disposal, L.P.*, No. 14-13-00903-CV, 2014 WL 4262187, at \*2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, no pet.) (mem. op.). In sum, no appellate issue presents a strict question of law that does not require a review of the evidence. *See King's River Trail Ass'n, Inc.*, 447 S.W.3d at 449–51.

The record does not contain any written request by Littles for a partial reporter's record, nor does the record reflect that Littles submitted a statement of points or issues to be presented on appeal, as Rule 34.6(c) requires. *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam). When an appellant completely fails to file a statement of points or issues, we must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *King's River Trail Ass'n, Inc.*, 447 S.W.3d at 449. Under these presumptions, Littles cannot possibly prevail in this appeal. *See King's River Trail Ass'n, Inc.*, 447 S.W.3d at 449–51. Therefore, we overrule Littles's issues and affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.