**Reversed and Remanded and Memorandum Opinion filed May 23, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00854-CV

---

## MCDANIEL HOMES, LLC, Appellant

### V.

## MEYERLAND COMMUNITY IMPROVEMENT ASSOCIATION, Appellee

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2022-34368**

---

## MEMORANDUM OPINION

A builder that owns property in a subdivision in Houston filed a declaratory judgment action against the organization in charge of enforcing deed restrictions in that subdivision seeking a declaration that one of the restrictions has been waived and abandoned and is no longer enforceable. The trial court granted the organization's motion to dismiss under Texas Rule of Civil Procedure 91a. Concluding that the trial court erred, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff McDaniel Homes, LLC ("McDaniel") filed suit against appellee/defendant Meyerland Community Improvement Association (the "Association") alleging that McDaniel owns property in the Meyerland subdivision in Houston, Texas and that the Association is the organization in charge of enforcing deed restrictions in that subdivision. McDaniel asserted that one of the restrictions provides that "'[u]nroofed stairs, steps, ramps, and landings, but not porches may be: up to five feet (5') outside of the front building (setback) line . . . .' and no more" (the "Restriction"). McDaniel sought a declaratory judgment that the Restriction has been waived and abandoned and is no longer enforceable, as well as reasonable and necessary attorney's fees.

The Association answered, denied McDaniel's allegations, and verified that (1) the Association is legally justified to enforce the Association's restrictions and policies; (2) the Association implements consistent enforcement of the deed restrictions; and (3) the Association specifically denies that dozens of houses violate the Restriction.

The Association filed a motion to dismiss under Texas Rule of Civil Procedure 91a (the "Rule 91a Motion"), asserting that McDaniel's pleadings were too vague and broad and consequently failed to allege any claims regarding the Restriction. Therefore, the Association asserted that McDaniel's claims have no basis in fact or law and should be dismissed under Rule 91a. The Association also sought its reasonable and necessary attorney's fees.

McDaniel responded in opposition to the Rule 91a Motion, and McDaniel also amended its petition to add more specific factual allegations. McDaniel's amended petition was untimely under Rule 91a. *See* Tex. R. Civ. P. 91a.5(b),(c). The trial court sustained the Association's objection that the amended petition was

untimely, granted the Rule 91a Motion, and ordered that the Association should be awarded its reasonable and necessary attorney's fees and costs in an amount to be determined at a later hearing. McDaniel filed a motion for reconsideration that the trial court denied. The Association filed a motion for attorney's fees. The trial court granted the motion and awarded the Association attorney's fees, including conditional awards of appellate attorney's fees. With this order the trial court had disposed of all claims and all parties, thus creating a final judgment. McDaniel timely perfected this appeal.

## II. ISSUES AND ANALYSIS

### A. Did the trial court err in granting the Rule 91a Motion?

Under the first issue, McDaniel argues that the trial court erred in granting the Rule 91a Motion. Texas Rule of Civil Procedure 91a provides that a party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* To determine if the cause of action has a basis in law, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the plaintiff's pleadings. *See Conestoga Trust Servs., LLC v. Focus Medical Underwriters, LLC*, No. 14-20-00302-CV, 2022 WL 599344, at *2 (Tex. App.—Houston [14th Dist.] Mar. 1, 2022, no pet.) (mem. op.).

Except as required by Rule 91a.7 regarding attorney's fees, in ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6. The Supreme Court of Texas has concluded that this limitation applies to factual

3

rather than legal matters. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 655 (Tex. 2020). Thus, as to factual matters, a court may not consider evidence and must decide a Rule 91a motion based solely on the plaintiff's pleading, but Rule 91a contemplates that a court may consider the substance of a Rule 91a motion and the arguments at a hearing on the motion, in addition to the plaintiff's pleadings, in deciding the motion. *See id*. In deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make a legal determination as to whether an affirmative defense is properly before the court. *See id*. at 656. In deciding whether to affirm the trial court's granting of a Rule 91a motion, we are limited to the grounds raised in the Rule 91a motion. *See Conestoga Trust Servs., LLC*, 2022 WL 599344, at *2. We review the merits of a Rule 91a motion de novo. *Bethel*, 595 S.W.3d at 654.

### 1. The Allegations in the Original Petition

McDaniel filed this suit under the Declaratory Judgments Act asserting that the Association has waived and abandoned its right to enforce the Restriction. McDaniel requested that the trial court render a judgment declaring that any deed restriction or other restriction that limits the extent to which stairs, steps, ramps, or landings can extend outside of the "front building (setback) line" has been waived and abandoned by the Association and is therefore no longer enforceable. McDaniel contends that a genuine controversy exists between McDaniel and the Association that would be terminated by the granting of a declaratory judgment. In its Original Petition[1] McDaniel alleges the following facts:[2]

---

[1] The trial court sustained the Association's timeliness objection to McDaniel's First Amended Petition, and McDaniel has not challenged this ruling on appeal. Therefore, we analyze this appeal based on McDaniel's Original Petition.

[2] The Association asserts that McDaniel does not plead any facts to support its claims. This assertion is incorrect, as shown by the pleaded facts listed below.

- McDaniel owns property in the Meyerland subdivision in Harris County, Texas.
- McDaniel builds homes in the Meyerland subdivision in Harris County, Texas.
- The Association is the organization in charge of enforcing deed restrictions and other restrictions on the Meyerland subdivision.
- According to documents adopted by the Association, for properties in the Meyerland subdivision, there is the following limitation on how far stairs can protrude toward the street from the front of a residence: "'[u]nroofed stairs, steps, ramps, and landings, but not porches may be: up to five feet (5') outside of the front building (setback) line . . . .' and no more (the 'Restriction')."
- Although the Restriction is contained in documents adopted by the Association, the Association has not enforced it on any kind of consistent basis.
- Throughout the neighborhood there are dozens of houses that violate the Restriction in plain view for all to see, and the Association leaves them alone.
- In spite of the Association's ongoing and consistent failure to enforce the Restriction, the Association has chosen to enforce the Restriction against McDaniel, and McDaniel believes this is unfair and illegal selective enforcement.

### 2. No Basis in Fact

A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. Tex. R. Civ. P. 91a.1. Though the Association asserts generally that McDaniel's claims have no basis in fact, the Association has not asserted that no reasonable person could believe a fact alleged by McDaniel, nor has the Association presented any argument or analysis in support of the proposition that no reasonable person could believe one or more of the facts alleged by McDaniel. After reviewing each of the facts alleged by McDaniel in the Original Petition, we conclude that a reasonable person could believe each of them. *See Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at \*3 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.). Therefore, we conclude that the trial court erred to the

5

extent it determined that McDaniel's cause of action has no basis in fact. *See* Tex. R. Civ. P. 91a.1; *Drake*, 2015 WL 2160565, at *3.

### 3. No Basis in Law

A cause of action has no basis in law if the plaintiff's allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *See* Tex. R. Civ. P. 91a.1. The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A plaintiff has standing when it is personally aggrieved. *Id*. The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Id*. at 849.

To defeat enforcement of a restrictive covenant, a party may assert that the restrictive covenant has been abandoned and its enforcement has been waived. *See Moran v. Memorial Point Property Owners Ass'n*, 410 S.W.3d 397, 403 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A party may also seek a declaratory judgment that a restrictive covenant has been abandoned and its enforcement has been waived. *See EWB-I, LLC v. Plazamericas Mall Texas, LLC*, 527 S.W.3d 447, 464–65 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (property owner sought declaratory judgment that restrictive covenants were unenforceable and had been waived). To establish this defense, a party must prove that violations of the covenant then existing are so great as to lead the mind of the average person to reasonably conclude that the restriction in question has been abandoned and its enforcement waived. *See id.* In making this determination, courts consider factors such as the number, nature, and severity of the existing violations, any prior enforcements of the restriction, and whether it is still possible

to realize to a substantial degree the benefits of the restriction despite the violations. *See id.*

Taking as true the factual allegations in the Original Petition and the inferences reasonably drawn therefrom yields the following facts:

- McDaniel owns real property in Meyerland and builds homes there.

- The Association is in charge of enforcing deed restrictions in Meyerland.

- The Restriction is a deed restriction that applies to real property in Meyerland.

- Throughout Meyerland there are dozens of houses that violate the Restriction in plain view, but the Association has taken no steps to enforce the Restriction against these properties.

- The Association has enforced the Restriction against real property in Meyerland owned by McDaniel but not against dozens of properties in Meyerland that violate the Restriction.

- McDaniel believes this is unfair and illegal selective enforcement.

*See* Tex. R. Civ. P. 91a.1. The Association contends that the Restriction has not been waived or abandoned and still may be enforced. Construing the pleadings liberally in McDaniel's favor, looking to the pleader's intent, and accepting as true the factual allegations in the Original Petition and the inferences reasonably drawn therefrom yields the following:

- McDaniel has a sufficient relationship with this lawsuit so as to have a "justiciable interest" in its outcome.

- McDaniel is personally aggrieved.

- A real controversy exists between McDaniel and the Association that actually will be determined by the judicial declaration sought.

- McDaniel has standing to seek declaratory relief regarding the Restriction.

- The existing violations of the Restriction are so great as to lead the mind of

the average person to reasonably conclude that the Restriction has been abandoned and its enforcement waived.

*See* Tex. R. Civ. P. 91a.1; *Longhorn Creek, Ltd. v. Gardens of Connemara, Ltd.*, No. 05-22-00842-CV, 2024 WL 685931, at *6–7 (Tex. App.—Dallas Feb. 20, 2024, pet. filed) (concluding that plaintiff pleaded a justiciable controversy that would be resolved by the declarations sought and that plaintiff's declaratory judgment action had a basis in law); *Conestoga Trust Servs., LLC*, 2022 WL 599344, at *2; *Kings River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 442, 447–48 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (holding that plaintiffs had standing to seek declaratory judgment as to applicability of a "Golf Course Use Only" restriction to certain real property); *Moran*, 410 S.W.3d at 403.

The Association essentially argues that the trial court properly granted the Rule 91a Motion because McDaniel failed to prove its allegations. According to the Association, McDaniel claims it is a "builder" and "owner" of homes within the Meyerland subdivision, but McDaniel "does not substantiate these claims in any way." The Association also argues that McDaniel "fails to provide any support for [its] allegation that the Association leaves the noncompliant homeowners 'alone.'" The Association contends that "McDaniel did not meet its burden of proof to establish a cause of action for abandonment and waiver of the deed restriction." These assertions by the Association miss the mark because courts determine whether a cause of action has a basis in law under Rule 91a based on the allegations in the pleading and the inferences reasonably drawn therefrom; courts do not require the plaintiff to substantiate, prove, or provide evidentiary support for the allegations in the plaintiff's pleading. *See* Tex. R. Civ. P. 91a.1, 91a.6; *Bethel*, 595 S.W.3d at 654; *Longhorn Creek, Ltd.*, 2024 WL 685931, at *7 (stating that "[t]he question before us is not whether [the plaintiff] proved its waiver claim").

8

The Association also asserts that the factual allegations in the Original Petition are not specific or detailed enough. The Association contends that McDaniel failed to plead factual allegations with sufficient particularity. The Association complains McDaniel does not (1) identify the properties McDaniel allegedly owns or owned, (2) state when it became an owner, (3) mention whether it continues to be an owner, (4) identify the properties it built and when, (5) describe adequately the property it purportedly owns subject to the Restriction, (6) provide details regarding purported violations of the Restriction or enforcement actions by the Association as to McDaniel or any other property in the Meyerland subdivision, (7) state the circumstances of McDaniel's violation of the Restriction, when the violation occurred, what actions the Association took to enforce the violation and when, whether the violation was cured or ongoing, whether additional enforcement is threatened or imminent; or (8) describe how the alleged noncompliant homes violated the Restriction. The Association does not cite any case holding that pleading one or more of these details is required to avoid dismissal under Rule 91a. Although the Original Petition is terse and does not provide various details that could have been pleaded, the issue is whether, construing the pleadings liberally in McDaniel's favor, looking to the pleader's intent, and accepting as true the factual allegations in the Original Petition and the inferences reasonably drawn therefrom, McDaniel is entitled to a declaratory judgment that the Restriction has been waived and abandoned and is no longer enforceable. The issue is not whether McDaniel omitted various details regarding its cause of action. A petition's failure to state sufficient detail regarding the facts upon which a claim is based is not an argument upon which dismissal may be granted under Rule 91a. *See Longhorn Creek, Ltd.*, 2024 WL 685931, at *7.

The Association also states that McDaniel failed to describe how the alleged

9

dozens of homes violating the Restriction constitutes wavier of the Restriction in the context of a community with more than 1,000 homes. Though the Association stated in the Rule 91a motion that there are more than 1,000 homes in the community, the Original Petition does not state how many homes are subject to the Restriction, and as to this factual matter, we must decide the Rule 91a Motion based only on the Original Petition, not on the facts stated in other filings. *See Bethel*, 595 S.W.3d at 655.

Construing the Original Petition liberally in McDaniel's favor, looking to the pleader's intent, and accepting as true the factual allegations in the Original Petition and the inferences reasonably drawn therefrom, McDaniel is entitled to a declaratory judgment that the Restriction has been waived and abandoned and is no longer enforceable. *See* Tex. R. Civ. P. 91a.1; *Longhorn Creek, Ltd.*, 2024 WL 685931, at *6–7; *Conestoga Trust Servs., LLC*, 2022 WL 599344, at *2; *Kings River Trail Ass'n, Inc.*, 447 S.W.3d at 442, 447–48; *Moran*, 410 S.W.3d at 403. Therefore, we conclude that the trial court erred to the extent it determined that McDaniel's declaratory judgment action has no basis in law, and we sustain the first issue.

## B. Did the trial court err in awarding attorney's fees?

Under the second issue, McDaniel argues that the trial court erred in awarding attorney's fees based on a Rule 91a dismissal that should not have been granted. In reversing the trial court's dismissal order, we also sustain the second issue and reverse the trial court's order granting the Association's request for attorney's fees. *See Longhorn Creek, Ltd.*, 2024 WL 685931, at *8; *Sanchez v. Striever*, 614 S.W.3d 233, 248 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## III. CONCLUSION

Under the applicable legal standards, McDaniel's declaratory judgment action has a basis in law and in fact. The trial court erred in granting the Rule 91a Motion and in awarding attorney's fees. Therefore, we reverse the trial court's final judgment and remand the case to the trial court for further proceedings.


/s/    Randy Wilson
Justice

Panel consists of Justices Jewell, Spain, and Wilson.