**Affirmed and Opinion filed July 20, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00589-CV

**GENE NELSON, SOUTHERN DIAGNOSTIC RADIOLOGY & THERAPY SERVICES, LC AND SOUTHERN MEDICAL EQUIPMENT SALES & SERVICES, LLC, Appellants**

**V.**

**GULF COAST CANCER AND DIAGNOSTIC CENTER AT SOUTHEAST, INC., GULF COAST ONCOLOGY ASSOCIATES, P.A., AND MARK A. D'ANDREA, M.D., Appellees**

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2012-69261**

## O P I N I O N

In this appeal from a final judgment in a bench trial, the appellants contend that the trial court erred by holding that the statute of limitations did not bar the appellees' claims and by granting the appellees' motion for new trial. Because we must presume that the trial evidence omitted from the appellate record supports the

trial court's judgment as to the first issue and the second issue is not reviewable on direct appeal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Mark A. D'Andrea, M.D. is a radiation oncologist affiliated with appellees Gulf Coast Cancer and Diagnostic Center at Southeast, Inc. and Gulf Coast Oncology Associates, P.A. (collectively, the D'Andrea Parties). Appellant Gene Nelson was D'Andrea's employee.

In November 2012, the D'Andrea Parties sued Nelson, Southern Diagnostic Radiology & Therapy Services, LC, and Southern Medical Equipment Sales & Services, LLC (collectively, the Nelson Parties), for theft, conversion, and fraud by nondisclosure. D'Andrea alleged that Nelson would use D'Andrea's Drug Enforcement Agency number to order medications and contrast agents without D'Andrea's knowledge or permission. Nelson then would sell the medications and contrast agents to end users, such as medical drug companies, for a profit. D'Andrea alleged that he discovered the misappropriations on October 19, 2012.

Two years later, the Nelson Parties filed a no-evidence motion for summary judgment, asserting that the D'Andrea Parties had no evidence of each of the elements of their claims. The D'Andrea Parties did not file a response to the motion. On January 7, 2015, the trial court granted the Nelson Parties' summary-judgment motion, dismissing all of the D'Andrea Parties' claims for lack of a response.

After that, the D'Andrea Parties filed a verified motion for new trial or in the alternative a motion to reconsider. In support of their motion for new trial, the D'Andrea Parties' counsel averred that the response was not timely filed because she mistakenly calendared its due date. The D'Andrea Parties also filed a response to the Nelson Parties' summary judgment motion, which they asserted contained

new information not considered by the court at the time it granted the motion. The new information included D'Andrea's affidavit and an exhibit incorporated by reference.

On March 2, 2015, the trial court granted the motion for new trial. The record shows that the Nelson Parties subsequently filed an amended answer including the affirmative defense of the statute of limitations.

After a bench trial, the trial court signed a final judgment in favor of the D'Andrea Parties on July 10, 2016. The Nelson Parties timely filed a notice of appeal from this judgment.

## ISSUES AND ANALYSIS

In two issues, the Nelson Parties contend that the trial court erred by: (1) granting a final judgment in favor of the D'Andrea Parties because the evidence conclusively shows that the limitations period expired before the D'Andrea Parties filed their lawsuit; and (2) granting the D'Andrea Parties' motion for new trial when the lone ground supporting the motion was the negligent inaction of their counsel.

## I. We Must Presume the Trial Evidence Omitted from the Appellate Record Supports the Trial Court's Judgment as to the Nelson Parties' Statute-of-Limitations Issue

The Nelson Parties contend that the D'Andrea Parties' claims should have been dismissed because their lawsuit was filed almost one year after the limitations periods expired. In support of their assertion, the Nelson Parties argue that evidence from the bench trial conclusively demonstrates that the last alleged fraud occurred in November 2007.

The statute of limitations is an affirmative defense, and the defendant bears the initial burden to plead, prove, and secure findings to sustain the defense. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). In response, a

3

plaintiff may raise the discovery rule as an excuse for its failure to file suit within the appropriate limitations period. *Id.* A plaintiff seeking to benefit from the discovery rule bears the burden to plead, prove, and secure favorable findings to establish the excuse. *See id.* at 518.

The Nelson Parties point to various invoices, emails, and other documents they contend show that the D'Andrea Parties had in their possession all of the information needed to discover any fraud, and therefore the applicable limitations period ran on their claims long before the lawsuit was filed. We are unable to evaluate the Nelson Parties' argument, however, because they have not provided us with a complete record of the trial. The final judgment reflects that the record of the trial was transcribed and that the parties "presented evidence in support of their claims and defenses." But, the Nelson Parties requested that the record include only the exhibits admitted as evidence. Consequently, we do not know what claims and defenses were raised, what testimony was offered, or what rulings the trial court made. The Nelson Parties did not make a written statement of the points or issues to be presented on appeal, as the rules prescribe in an appeal with a partial reporter's record. *See* Tex. R. App. P. 34.6 (b), (c).

A late-filed statement of points or issues may support the presumption that the record is complete unless the appellee demonstrates that the late filing of the statement adversely affected the appellee. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam); *Burns v. Mullin*, No. 14–12–00966–CV, 2013 WL 5631031, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op.). Nonetheless, when an appellant completely fails to file a statement of points or issues, an appellate court must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *Burns*, 2013 WL 5631031, at *1–2.

4

Therefore, we presume that the omitted evidence from the trial shows that the trial evidence did not conclusively prove that the applicable statute of limitations bars the D'Andrea Parties' claims. *See Kings River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 451 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Haut v. Green Café Mgmt.*, 376 S.W.3d 171, 179–80 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We therefore overrule the Nelson Parties' first issue.

## II. The Trial Court's Ruling on the Motion for New Trial is Not Reviewable on Direct Appeal

In their second issue, the Nelson Parties contend that the trial court committed reversible error in granting the D'Andrea Parties' motion for new trial. The Nelson Parties argue that the affidavit of the D'Andrea Parties' counsel was insufficient to support a finding that the D'Andrea Parties did not consciously disregard the summary judgment response deadline; the trial court erred in considering the "new evidence" presented by the D'Andrea Parties; Mark D'Andrea's affidavit is conclusory; and the chart attached to the affidavit is not properly sworn to and is based on hearsay.

"When a motion for new trial is granted, it becomes moot as to any effect it may have on a subsequent judgment." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). Consequently, an order granting a new trial within the trial court's plenary power is generally "not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court." *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984) (per curiam); *see also In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding) (reaffirming that an order granting a new trial is not reviewable on direct appeal, while allowing mandamus review of an order granting a new trial under certain circumstances). Two exceptions to the

general rule have been recognized: (1) when the trial court's order is void; and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict. *Wilkins*, 160 S.W.3d at 563; *Hou-Scape, Inc. v. Conway Hall Sprinkler Co.*, No. 14-14-00075-CV, 2015 WL 3984029, at *1 (Tex. App.—Houston [14th Dist.] June 30, 2015, no pet.) (mem. op). The Nelson Parties do not contend that either of these exceptions apply. We therefore overrule the Nelson Parties' second issue.

## CONCLUSION

Having overruled the appellants' issues, we affirm the trial court's judgment.


/s/    Ken Wise
       Justice


Panel consists of Chief Justice Frost and Justices Donovan and Wise.