**TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN**

NO. 03-18-00228-CV

**Jeremie Gordon and Amber Arnold-Gordon, Appellants**

**v.**

**James B. Nickerson and Julia A. Nickerson, Trustees of the
Nickerson Revocable Living Trust, Appellees**

**FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-17-002819, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

**M E M O R A N D U M   O P I N I O N**

Jeremie Gordon and Amber Arnold-Gordon appeal the district court's order confirming an arbitration award in favor of James B. Nickerson and Julia A. Nickerson, Trustees of the Nickerson Revocable Living Trust.[1]  We will modify the district court's order and affirm as modified.

This is the second appeal arising out of the parties' dispute.  To give context to the Gordons' issues, we repeat the background facts set out in our previous opinion:

> The Nickersons, who own and live on the property adjacent to the Gordons, obtain their water from the Gordon-owned water well under a "Well Use Easement Agreement" entered into in 1995 by the previous owners of the Gordon and Nickerson properties.  In January 2015, shortly after purchasing the property

---

[1]  The Gordons represent themselves on appeal.  We read the briefs liberally, *see* Tex. R. App. P. 38.9, but we hold pro se litigants to the same standards as we do litigants represented by counsel to avoid giving pro se litigants an unfair advantage.  *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)).

> with the water well, the Gordons told the Nickersons that the easement agreement did not allow the Nickerson property access to the water and that, unless the Nickersons started paying an annual fee, the Gordons would disconnect the well piping to cut off the Nickersons' water supply. In response to the Gordons' notice, the Nickersons filed suit for breach of the well-use agreement and trespass and sought injunctive relief.

*Gordon v. Nickerson*, No. 03-16-00071-CV, 2017 WL 1549150, at *1 (Tex. App.—Austin Apr. 27, 2017, no pet.) (mem. op.) [*Gordon I*]. The parties mediated and reached a settlement agreement (the MSA) calling for the Gordons to sell a portion of their property with the water well to the Nickersons in exchange for $32,500. *Id.* They further agreed to resolve all disputes arising out of the MSA through binding arbitration. *Id.*

A dispute soon arose over whether the property had to be replatted before it was conveyed to the Nickersons. *Id.* The arbitrator issued an award ordering the sale to go forward without replatting. *Id.* The Gordons refused to comply, and the Nickersons sued to confirm the award. A Travis County district court rendered judgment confirming the award and specifically directing the Gordons to convey the property. *Id.* While the Gordons' appeal was pending in this Court, the Travis County clerk created an abstract of judgment incorrectly reflecting that the Nickersons obtained a money judgment against the Gordons. The Nickersons' counsel filed the abstract in the real property records of Travis County.[2] In April of 2017, this Court modified the district court's judgment to remove attorney's fees not awarded by the arbitrator and affirmed as modified. *Id.* at *5.

Two months later, the Gordons agreed to sell an unrelated Travis County property to Richeon and Steven Eledge. The Eledges subsequently canceled the contract, allegedly due to

---

[2] We take our description of the abstract and the other events not mentioned in *Gordon I* from the parties' briefs and the factual recitations in the arbitrator's second award.

the abstract of judgment. The Gordons then sued the Nickersons under a different cause number alleging causes of action for filing a fraudulent lien, slander of title, abuse of process, and tortious interference with a contract. They sought relief in the form of a declaration nullifying the abstract and an award of at least $15,000 in attorney's fees.

The Nickersons moved to compel arbitration of the Gordons' claims under the MSA. The district court granted the motion and referred the case to the same arbitrator who conducted the arbitration in *Gordon I*. The Nickersons submitted a written counterclaim for breach of contract and requested attorney's fees and costs as sanctions. The arbitrator issued a second award concluding both sides failed to prove their claims but stating he expected the conveyance "on or before January 15, 2018." If that did not occur, the arbitrator "specifically reserve[d] the right to award to a non-breaching party additional attorney's fees incurred as a result of an unreasonable failure of a party to close on or before January 15, 2018." The arbitrator also conditionally awarded the Nickersons $4,500 in attorney's fees "if the Gordons again seek review in the trial court."

The Gordons conveyed 0.172 acres of land containing the disputed well to the Nickersons shortly before the arbitrator's deadline. The Nickersons then filed a motion to confirm the arbitrator's award, and the Gordons filed a cross-motion to vacate. The district court signed an order confirming the award and ordering the Gordons to pay $4,500 in attorney's fees plus post-judgment interest. This appeal followed.

**ANALYSIS**

The Gordons argue on appeal that the district court erred by confirming the award because the MSA is void for illegality, the arbitrator committed a "gross error of fact," and the

3

arbitrator exceeded his powers. If we conclude the award is valid, the Gordons contend the district court improperly added post-judgment interest to the award of attorney's fees.

**Standard of Review**

We review a trial court's decision to confirm or vacate an arbitration award de novo. *Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 70 (Tex. App.—Houston [14th Dist.] 2016, no pet.). However, "[b]ecause Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *East Tex. Salt Water Disposal Co., v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). We give arbitration awards "the same effect as the judgment of a court of last resort" and presume their validity. *Id.* at 271 n.11 (quoting *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002)). The party seeking to vacate the award "bears the burden of presenting a complete record that establishes grounds for vacatur." *Kreit v. Brewer & Pritchard, P.C.*, 530 S.W.3d 231, 243 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (quoting *Amoco D.T. Co. v. Occidental Petrol. Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)).

The Texas Arbitration Act (TAA) requires trial courts to confirm an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting [the] award under Section 171.088 or 171.091." Tex. Civ. Prac. & Rem. Code § 171.087; *see generally id.* §§ 171.001–.098. The TAA "leaves no room for courts to expand on those grounds" in vacating an arbitration award. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016). Thus, a party may

avoid confirmation of an arbitration award under the TAA "only by demonstrating a ground expressly listed in section 171.088." *Id.* at 495.[3]

**Illegality**

The Gordons argue in their first two issues that the MSA is void because it requires the Gordons to violate state law and municipal ordinances. And this voids the arbitrator's award, they reason, because it is based on an illegal contract. The Nickersons respond that the issue is moot or, in the alternative, that res judicata bars the Gordons from raising this issue.

We address the Nickersons' mootness argument first because it implicates our jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (stating courts lose subject matter jurisdiction when case becomes moot). A case becomes moot when there ceases to be a live controversy between the parties or when the parties no longer have "a legally cognizable interest in the outcome." *Id.* (quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). The Nickersons argue the illegality issue has become moot because the Gordons would not regain the property they conveyed even if we conclude the MSA is void and unenforceable. But if the Gordons succeed in proving the MSA is void, the conveyance could be reversed. *See Lee v. Lee*, 528 S.W.3d 201, 210 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (holding several transfers of real property pursuant to settlement agreement did not moot party's appeal of

---

[3] The MSA does not fall within any exclusion from the scope of the TAA. *See* Tex. Civ. Prac. & Rem. Code § 171.002. Moreover, neither party has suggested that the Federal Arbitration Act applies.

agreement because "if [appellant] should prevail, these transactions can be reversed"). The illegality issue is thus not moot.

However, we agree with the Nickersons that res judicata bars the issue.[4] "[R]es judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments." *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Relevant here is claim preclusion—also called res judicata—which "bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action." *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) (quoting *Igal v. Brightstar Info. Tech. Grp.*, 250 S.W.3d 78, 86 (Tex. 2008)).

The Gordons initially argue that the Nickersons waived res judicata by failing to plead the issue. *See Whallon v. City of Houston*, 462 S.W.3d 146, 155 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) ("[R]es judicata is an affirmative defense that must be pleaded."). We agree the Nickersons did not raise the issue in their pleadings, but "[t]rial by consent can cure lack of pleading." *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018). To determine whether an issue was tried by consent, "[w]e must examine the record not for evidence of the issue, but rather for evidence of trial of the issue." *Id.* at 307 (quoting *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 446 (Tex. 1993)). Jeremie Gordon argued during the hearing on the parties' cross-motions that "[the Nickersons' counsel] has also raised res judicata of the illegality issue" and then explained why the court should reject it. The record does not contain the arguments of the Nickersons' counsel or his response because the record before us consists

---

[4] We construe the Gordons' brief as asserting that the award should be vacated under the TAA because "there was no agreement to arbitrate" because the MSA was illegal. *See id.* § 171.088(a)(4).

only of Jeremie Gordon's arguments, the Gordons' exhibits, and the presiding judge's ruling. Nevertheless, the record before us is sufficient to demonstrate the issue was tried by consent.[5]

To establish res judicata as a bar to the Gordons' illegality claim, the Nickersons had the burden to establish that there is a prior final judgment on the merits by a court of competent jurisdiction, the parties in this case are the same or in privity with those in *Gordon I*, and the illegality claim was or or could have been raised in *Gordon I*. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). All three elements are met here. This Court has issued its mandate in *Gordon I*, making the judgment final and enforceable, and there is no dispute the parties in the two cases are the same. The Gordons primarily contest the third element. "Texas courts apply the transactional approach to res judicata, which requires that claims arising out of the same subject matter be litigated in a single lawsuit." *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing *Hallco Tex., Inc. v. McMullen County.*, 221 S.W.3d 50, 58 (Tex. 2006)). Cases arise from the same transaction if they share the same set of operative facts. *Id*. The Gordons analogize this case to *Lawlor v. National Screen Service Corp.*, where the United States Supreme Court held res judicata did not bar a second lawsuit based on the same course of conduct as a previous suit if the new claims "could not possibly have been sued upon in the previous case." 349 U.S. 322, 327–28 (1955). Applying that holding here, the Gordons contend

---

[5] The Gordons failed to file "a statement of the points or issues to be presented on appeal" as required by the rules governing appeals on partial records. *See* Tex. R. App. P. 34.6(c)(1). If an appellant entirely fails to comply with this requirement the reviewing court "must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment." *Nelson v. Gulf Coast Cancer & Diagnostic Ctr.*, 529 S.W.3d 545, 548 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam)). Accordingly, we presume the omitted portions of the record support that the parties tried the issue of res judicata by consent and that res judicata bars the Gordons' illegality claim.

their challenge to the arbitrator's award of attorney's fees (and his reservation of the right to award additional fees to compel the transfer) were new acts that could not have been sued upon in *Gordon I*. But the Gordons challenge the arbitrator's acts based on the alleged illegality of the MSA. This is the same claim the Gordons asserted in *Gordon I*, 2017 WL 1549150 at *2, and res judicata bars the Gordons from raising it again here. *See John Moore Servs.*, 500 S.W.3d at 40. We overrule the Gordons' first two issues.

**Gross Mistake of Fact**

The Gordons' third ground for vacating the award is that the arbitrator allegedly committed a gross mistake of fact. Gross mistake "is a common law ground for setting aside an arbitration award" but not a ground for vacatur set out in the TAA. *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002); *see* Tex. Civ. Prac. & Rem. Code § 171.088 (listing grounds for vacatur). Thus, the Gordons may not rely on gross mistake of fact to overturn the award. *See Hoskins*, 497 S.W.3d at 494–95; *see also Patel v. Moin*, No. 14-15-00851-CV, 2016 WL 4254016, at *6 (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, pet. denied) (mem. op.) (holding gross mistake is not permissible basis under TAA to vacate arbitrator's award). We overrule the Gordons' third issue.

**Arbitrator's Powers**

The Gordons' fourth argument is that the arbitrator exceeded his powers by conditionally awarding attorney's fees. *See* Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A). Arbitrators derive their authority "over disputes from parties' consent and the law of contract." *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 122 (Tex. 2018). As a result, an arbitrator "exceeds his authority only 'when he disregards the contract and dispenses his own idea of

8

justice.'" *Denbury Onshore, LLC v. Texcal Energy S. Tex., L.P.*, 513 S.W.3d 511, 520 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *D.R. Horton-Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). Thus, the relevant question when determining whether an arbitrator exceeded his authority "is not whether the arbitrator decided an issue correctly, but rather, whether he had the authority to decide the issue at all." *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017).

The MSA's arbitration clause does not address attorney's fees, but paragraph 2 of the MSA states: "[e]ach party shall otherwise bear his her its [sic] attorney[']s fees and mediation fees." Even if we assume that paragraph 2 applies to fees incurred in arbitration proceedings rather than the original lawsuit, an arbitrator "may expand the scope of its review based on the issues the parties submit or the arguments they advance in the proceedings." *Miller v. Walker*, ___ S.W.3d ___, ___, No. 02-17-00035-CV, 2018 WL 895602, at *3 (Tex. App.—Fort Worth Feb. 15, 2018, no pet.) (quoting *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 711 (8th Cir. 2011)); *see New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 429 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("An arbitrator's jurisdiction is defined by the contract containing the arbitration clause and by the issues actually submitted to arbitration."). The Gordons requested in their amended petition that the district court award them "at least $15,000" in attorney's fees, and the Nickersons moved to submit the "entire controversy" to arbitration, including "attorney's fees." The district court referred all "issues raised by [the Gordons'] petition" to the arbitrator. The Nickersons then requested that the arbitrator award them "attorney's fees and costs" as sanctions. The Gordons have not presented us with a complete record of the arbitration hearing, but the arbitrator's award does not reflect the parties questioned the arbitrator's power to award fees. The issue of attorney's fees was

9

obviously submitted to the arbitrator, and paragraph 2 of the MSA does not expressly prohibit the arbitrator from awarding fees. *See D.R. Horton*, 423 S.W.3d at 535 (reasoning provision with similar wording did not prohibit arbitrator from awarding fees when requested by parties). Under these circumstances, we cannot say the district court exceeded its authority by awarding attorney's fees to the Nickersons. *See Miller*, 2018 WL 895602 at *5–6 (upholding arbitration panel's award of attorney's fees when both sides requested fees and arbitrator considered fee award without objection); *Thomas v. Prudential Sec., Inc.*, 921 S.W.2d 847, 851 (Tex. App.—Austin 1996, no writ) ("We conclude that both parties' claims for attorney fees reflect their unified intention to authorize the panel's award of attorney fees."). We overrule the Gordons' fourth issue.

**Modification**

The Gordons argue in their final issue that the district court improperly added post-judgment interest to the award of attorney's fees. The TAA authorizes trial courts to modify an arbitration award on application of a party if: the award contains an evident miscalculation of numbers or an evident mistake in the description of a relevant person, thing, or property; the award addresses a matter not submitted to the arbitrators; or "the form of the award is imperfect in a manner not affecting the merits of the controversy." Tex. Civ. Prac. & Rem. Code § 171.091. These are the exclusive grounds for modifying an award under the TAA. *See Callahan & Assocs.*, 92 S.W.3d at 844; *White v. Siemens*, 369 S.W.3d 911, 916 (Tex. App.—Dallas 2012, no pet.). Because modifying an award so that it accrues interest is not permitted by the TAA, the district court erred by adding 5% interest to the arbitrator's award of attorney's fees. *See Barnes v. Old Am. Mut. Fire Ins. Co.*, No. 03-07-00404-CV, 2010 WL 668913, at *8

10

(Tex. App.—Austin Feb. 26, 2010, no pet.) (mem. op.) (concluding trial court erred by adding post-judgment interest to arbitration award).  We sustain the Gordons' fifth issue.

## CONCLUSION

We modify the district court's order to delete the award of post-judgment interest and affirm as modified.[6]

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Modified and, as Modified, Affirmed

Filed:  May 17, 2019

---

[6] The Nickersons have filed a motion asking this Court to sanction the Gordons for filing a frivolous appeal.  *See* Tex. R. App. P. 45 (authorizing court of appeals to award prevailing party "just damages" if appeal is frivolous).  We exercise our discretion and decline to do so. *See R. Hassell Builders, Inc. v. Texan Floor Serv., Ltd.*, 546 S.W.3d 816, 833 (Tex. App.— Houston [1st Dist.] 2018, pet. denied) (awarding damages under Rule 45 is discretionary).