**Affirmed and Memorandum Opinion filed March 9, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00255-CV

## ARUNA VISWANATHAN, INDIVIDUALLY AND AS DIRECTOR OF MEMORIAL CENTER, LLC, MEMORIAL CENTER, LLC, AND DSA COMMERCIAL, LLC, Appellants

## V.

## NAHMEE KIM, Appellee

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2018-33866**

## M E M O R A N D U M   O P I N I O N

Appellee Nahmee Kim sued appellants Aruna Viswanathan, individually and as director of Memorial Center, LLC, Memorial Center, LLC, and DSA Commercial, LLC (collectively, "Appellants"), asserting claims in connection with repairs made to property she leased in west Houston. Appellants moved to dismiss Kim's claims under the Texas Citizen's Participation Act ("TCPA").

Kim did not respond to Appellants' motion to dismiss and the trial court granted the motion. Kim filed a motion for new trial and a motion to reconsider the order of dismissal. The trial court granted Kim's motion for new trial and signed an order denying Appellants' TCPA motion to dismiss. Appellants filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). For the reasons below, we affirm.

## BACKGROUND

Kim operated a clothing store in property she leased from Appellants. After Hurricane Harvey made landfall in 2017, the property was under several feet of water. Appellants retained a contractor to repair the property. According to Kim's petition, the contractor "failed to repair and remediate the drywall and insulation" behind one of the property's walls. Kim hired a mold inspector who concluded that airborne mold was present in the premises. Kim "was obliged to cease operating her shop until she could reopen it safely."

According to Kim, she repeatedly told Appellants about the issue and "demand[ed] that [Appellants] make the situation right." But instead of fixing the problem, Kim alleged that Appellants "engaged in a sustained campaign of obfuscation, delay, and unconscionable activities," which culminated in Appellants filing a separate eviction action against Kim (the "Eviction Lawsuit").

Shortly after Appellants filed the Eviction Lawsuit, Kim initiated the underlying proceeding and asserted claims against Appellants for violations of the Texas Deceptive Trade Practices Act, breach of contract, and negligence. These claims stemmed from Appellants' alleged failure to properly repair the property. Appellants filed a TCPA motion to dismiss. Kim did not respond and the trial court granted the motion.

2

Kim filed a "Motion for New Trial and Motion to Reconsider Order of Dismissal." In her motion, Kim argued that the TCPA did not bar her claims against Appellants. The trial court granted Kim's motion and ordered Kim to respond to Appellants' motion to dismiss.

Appellants responded with a "Motion to Vacate Order Granting Motion for New Trial," asserting that Kim failed to serve on Appellants her motion for new trial or accompanying notice of hearing. Appellants also requested that the trial court sanction Kim for "[f]ailing to serve opposing counsel with a Court filing in violation of Texas Rule of Civil Procedure 21b." While Appellants' motion was pending, Kim filed a response to Appellants' TCPA motion to dismiss.

The trial court granted Appellants' motion to vacate its prior order granting a new trial but declined to impose sanctions on Kim. The trial court's order dismissed Kim's claims under the TCPA.

Kim filed a second "Motion for New Trial and Motion to Reconsider Order of Dismissal." In her motion, Kim raised the same arguments asserted in response to Appellants' TCPA motion to dismiss.

After a hearing, the trial court signed an order granting Kim's motion for new trial and motion to reconsider. The trial court's order also denied Appellants' TCPA motion to dismiss. Appellants timely filed this interlocutory appeal.

ANALYSIS

Appellants assert the trial court erred by (1) granting Kim's second motion for new trial, and (2) denying Appellants' TCPA motion to dismiss. We address these issues below.

## I.     Kim's Motion for New Trial

In their first issue, Appellants argue the trial court abused its discretion by

3

granting Kim's second motion for new trial.

"When a motion for new trial is granted, it becomes moot as to any effect it may have on a subsequent judgment." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). Consequently, an order granting a new trial within the trial court's plenary power generally is "'not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court.'" *Nelson v. Gulf Coast Cancer & Diagnostic Ctr. at Se., Inc.*, 529 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (quoting *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984) (per curiam)).

Two exceptions to this general rule have been recognized: (1) when the trial court's order is void, and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict. *Wilkins*, 160 S.W.3d at 563; *Nelson*, 529 S.W.3d at 549. Appellants do not contend that either of these exceptions apply. Accordingly, we overrule Appellants' first issue.

## II. Appellants' TCPA Motion to Dismiss

In their second issue, Appellants contend the trial court erred by denying their TCPA motion to dismiss because Kim's claims are based on, related to, or in response to Appellants' exercise of the right to petition.

### A. Governing Law and Standard of Review

The TCPA protects citizens from retaliatory lawsuits that aim to hinder the exercise of First Amendment freedoms. Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding). To further this end, the TCPA establishes a mechanism for the dismissal of legal actions that impede a party's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *Creative Oil*

4

*& Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131-32 (Tex. 2019).

The TCPA prescribes a three-step process.[1] First, the burden is on the movant to show by a preponderance of the evidence that the challenged claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.005). As relevant here, an "exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 961 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001). "Communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*.

If this showing it met, the burden shifts to the nonmovant to "establish[ ] by clear and specific evidence a prima facie case for each essential element of the claim in question." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 963 (amended 2019). If the nonmovant satisfies this second step, the trial court nonetheless shall dismiss the challenged claim if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id*.

Whether the parties have met their respective burdens is a question of law

---

[1] The Texas Legislature amended the TCPA in its 2019 legislative session and the amendments are effective September 1, 2019. Because this suit was filed before the effective date of the amendments, it is governed by the statute as it existed before the amendments and all of our citations are to the TCPA as it existed prior to September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1-12, 2019 Tex. Gen. Laws 684, 684-87 (current versions at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011); *see, e.g., HDG, Ltd. v. Blaschke*, No. 14-18-01017-CV, 2020 WL 1809140, at *3 n.2 (Tex. App.—Houston [14th Dist.] Apr. 9, 2020, no pet.) (mem. op.).

we review *de novo*. *Roach v. Ingram*, 557 S.W.3d 203, 217 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Under this standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.— Houston [14th Dist.] 2017, no pet.) (internal quotation omitted). We consider the relevant pleadings and any supporting or opposing affidavits "stating the facts on which the liability or defense is based." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.006). We review these materials in the light most favorable to the nonmovant. *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

## B. Application

Arguing Kim's claims impede their exercise of the right to petition, Appellants contend that "Kim's lawsuit and her claims for relief are clearly and unequivocally based on, in response to, or related to [Appellants'] Eviction Lawsuit."

Appellants included as an exhibit to their TCPA motion to dismiss the "Original Complaint of Forcible Detainer" filed in the Eviction Lawsuit, which asserted that Kim failed to pay rent for three months and requested that she be evicted from the property. The complaint was filed on May 4, 2018. Kim filed her original petition in the underlying action on May 21, 2018. Kim asserts in her petition that Appellants "filed an eviction action necessitating the filing of the instant action."

But despite this assertion in her original petition, Kim's claims therein are not based on, related to, or in response to Appellants' "exercise of the right to petition" as that phrase is defined in the TCPA. Specifically, none of Kim's claims

are predicated on a "communication" from Appellants made in or with respect to "a judicial proceeding", *i.e.*, the Eviction Lawsuit. Rather, Kim's claims are based on conduct that allegedly occurred before the filing of the Eviction Lawsuit, as summarized below:

- <u>Claim No. 1</u>: Violations of the Texas Deceptive Trade Practices Act for breaching the implied warranties of suitability and good and workmanlike performance and engaging in an unconscionable course of action. These violations are predicated on Appellants allegedly: (1) informing Kim "that the Property was ready to be reoccupied when it was not"; (2) "repeatedly stall[ing], delay[ing], and misle[ading] [Kim] as to whether or when repairs would be completed"; and (3) "convinc[ing] [Kim] to fire her attorney under the false premises that [Appellants] would quickly repair the premises."

- <u>Claim No. 2</u>: Breach of contract premised on Appellants "failing to repair and remedy the exterior wall adequately."

- <u>Claim No. 3</u>: Negligence with respect to "the repair and remediation of the flood damage[] that occurred after Hurricane Harvey."

These allegations are independent of any of Appellants' communications made in or with respect to the Eviction Lawsuit. Therefore, the claims do not contravene the TCPA's protections with respect to the exercise of the right to petition. *See, e.g., Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, No. 14-19-00731-CV, 2020 WL 7626253, at *4 (Tex. App.—Houston [14th Dist.] Dec. 22, 2020, no pet. h.) (TCPA did not apply where nonmovant's "factual allegations are solely concerned with private communications outside of, and unrelated to, any judicial . . . proceeding"); *Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at *9 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet. h.) (mem. op.) (right to petition not implicated by the mere fact that the claims were brought after the defendant was sued).

Because Appellants failed to meet their initial burden to prove by a

preponderance of the evidence that Kim's claims are based on, related to, or in response to their exercise of the right to petition, the burden never shifted to Kim to establish a prima facie case for each element of her claims. Therefore, the trial court did not err by denying Appellants' TCPA motion to dismiss.

We overrule Appellants' second issue.

## CONCLUSION

We affirm the trial court's March 4, 2019 order granting Kim's motion for new trial and denying Appellants' TCPA motion to dismiss.


/s/      Meagan Hassan
Justice


Panel consists of Justices Bourliot, Hassan, and Poissant.