**Affirmed and Memorandum Opinion filed November 23, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00631-CV

## RONALD SCOTT CATT, Appellant

## V.

## CHRISTOPHER DELOZIER, JOHN HEALEY, JR., TROY NEHLS, AND BRADLEY WHICHARD, Appellees

**On Appeal from the County Court at Law #4**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-CCV-064867**

## MEMORANDUM OPINION

On appeal, an inmate who filed claims against a district attorney and his employee and a sheriff and his employee asserts that the trial court erred in (1) transferring venue of the case to Fort Bend County, (2) dismissing the inmate's claims under Chapter 14 of the Civil Practice and Remedies Code, (3) failing to file findings of fact and conclusions of law, (4) denying the inmate's motion to show authority, and (5) failing to vacate or set aside a pre-trial order. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Ronald Scott Catt, an inmate in the Institutional Division of the Texas Department of Criminal Justice, filed a pro se, in forma pauperis action in the trial court against (1) appellee John Healey, Jr., whom Catt alleges is or was the Fort Bend County District Attorney, (2) appellee Christopher DeLozier, whom Catt alleges is or was an employee of Healey, (3) appellee Troy Nehls, whom Catt alleges is or was the Fort Bend County Sheriff, and (4) Appellee Bradley Whichard, whom Catt alleges is or was an employee of Nehls.

Catt alleged that after his personal property was seized pursuant to a search warrant, Healey, DeLozier, Nehls, and Whichard (collectively "Defendants") "failed to perform their duty to file [a] notice of seizure and intended forfeiture when the government seizes property intended to be forfeited in a civil in rem proceeding." Catt also alleged that Defendants "failed to diligently perfect service of process upon [Catt] notifying him of civil in rem proceedings concerning [Catt's] personal property." Liberally construing Catt's petition, Catt is complaining that Defendants failed to follow the requirements of article 59.04 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 59.04 (West, Westlaw through 2021 R.S.). Catt asserted claims against Defendants for alleged violations of title 42, section 1983 of the United States Code, conversion, and common-law fraud.

Catt filed suit in County Civil Court at Law No. 4 in Harris County. The presiding judge of that court granted Defendants' motion to transfer venue of the case to Fort Bend County. The trial court in Fort Bend County then granted Defendants' motion to dismiss Catt's claims under Chapter 14 of the Civil Practice and Remedies Code and signed a final judgment dismissing Catt's claims with prejudice. Catt has timely appealed.

## II. ISSUES AND ANALYSIS

### A.  Did the trial court err in transferring venue to Fort Bend County?

In his third issue, Catt asserts that the presiding judge of County Civil Court at Law No. 4 of Harris County erred in granting Defendants' motion to transfer venue of the case from Harris County to Fort Bend County. Venue may be proper under general, mandatory, or permissive venue rules. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.001–.040 (West, Westlaw through 2021 R.S.). When the plaintiff files suit in a "proper" venue, courts should honor the plaintiff's choice of venue unless a mandatory venue statute requires that venue be transferred to a different county. *Perryman v. Spartan Texas Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018). Defendants argued in their motion to transfer venue that (1) because Catt had filed suit against Defendants in their respective official capacities, his claims amounted to claims against Fort Bend County, and (2) because Catt asserted claims against Fort Bend County, section 15.015 of the Civil Practice and Remedies Code established mandatory venue for this case in Fort Bend County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.015 (West, Westlaw through 2021 R.S.). Catt contended that he asserted claims against Defendants only in their respective individual capacities.

We start by determining whether Catt asserted claims against Defendants in their respective official capacities. In his live petition, Catt states "[a]t all times mentioned herein and after, [Defendants] acted in their individual capacity and under color of state law." Yet, Catt alleges that Healey, whom Catt alleges is or was the Fort Bend County District Attorney, is vicariously liable for the acts of DeLozier because DeLozier committed the alleged acts while in the employment of Healey or within the authority that Healey delegated to DeLozier as Healey's

employee. Similarly, Catt alleges that Nehls, whom Catt alleges is or was the Fort Bend County Sheriff, is vicariously liable for the acts of Whichard because Whichard committed the alleged acts while in the employment of Nehls or within the authority that Nehls delegated to Whichard as Nehls's employee. Catt also alleged that "Defendants are peace officers in Fort Bend County and seized the property through a warrant obtained in the criminal investigation by means of their power and authority of their office to do such." Claims under title 42, section 1983 of the United States Code may be brought against a person in the person's individual or official capacity. *Alief Indep. Sch. Dist. v. Perry*, 440 S.W.3d 228, 240 n.23 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Defendants did not specially except to Catt's petition, so we liberally construe Catt's petition to include all claims that reasonably may be inferred from the language used in the petition, even if the petition does not state all elements of the claim in question. *See Kings River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 444 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Under this liberal construction, we conclude that Catt asserted his claims against Defendants in both their individual capacities and their official capacities. *See Adams v. Harris County*, No. 04-15-00287-CV, 2015 WL 8392426, at *2, n.2 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied) (mem. op.).

Suits against government officials in their official capacity are another way of pleading an action against the governmental entity of which the official is an agent. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). Thus, to the extent that Catt asserted his claims against Defendants in their official capacities, these claims are considered claims against Fort Bend County. *See id.*; *Enriquez v. Villanueva*, No. 04-17-00719-CV, 2018 WL 4096386, at *4 (Tex. App.—San Antonio Aug. 29, 2018, pet. denied) (mem. op.). We presume for the

4

sake of argument that all or a substantial part of the events or omissions giving rise to Catt's claims occurred in Harris County, as Catt alleged. Even under this presumption, because Catt asserted claims against Fort Bend County, Fort Bend County is the mandatory venue for these claims, and the presiding judge of County Civil Court at Law No. 4 of Harris County did not err in granting Defendants' motion to transfer venue of the case from Harris County to Fort Bend County. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002(a), 15.004, 15.015; *See Enriquez*, 2018 WL 4096386, at *3–5. Accordingly, we overrule Catt's third issue.

**B.    Did the trial court err in dismissing Catt's claims under Chapter 14 of the Civil Practice and Remedies Code?**

In his fifth issue, Catt asserts that the trial court erred in granting Defendants' motion to dismiss Catt's claims under section 14.003(a)(2) of the Civil Practice and Remedies Code on the ground that Catt's claims are frivolous or malicious. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West, Westlaw through 2021 R.S.). The trial court dismissed Catt's claims on this basis and found that Catt's claims should be dismissed because they have no arguable basis in law or in fact. *See id*. §14.003(b)(2). Catt contends that the trial court erred by dismissing his claims under section 14.003 without holding an evidentiary hearing. A trial court does not err simply by dismissing an inmate's claim under this statute without an evidentiary hearing; however, if a court does so, an appellate court may affirm the dismissal only if the claim has no arguable basis in law. *Catt v. DeLozier*, No. 14-16-00524-CV, 2017 WL 2384636, at *4 (Tex. App.—Houston [14th Dist.] Jun. 1, 2017, pet. denied) (mem. op.). We determine whether Catt's claims have no arguable basis in law under the de novo standard of review. *Id*. A claim has no arguable basis in law if it is based on (1) wholly incredible or irrational factual allegations; or (2) an indisputably meritless legal theory. *Nabelek*

*v. Dist. Att'y of Harris Cty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

One of the reasons Defendants argued for dismissal was that Catt's claims were frivolous because they were barred by the statute of limitations. The two-year statute of limitations applies to Catt's conversion claims and section 1983 claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003(a) (West, Westlaw through 2021 R.S.); *Lilly v. Tex. Dep't of Crim. Justice*, 472 S.W.3d 411, 416–17 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Choice Personnel No. Four, Inc. v. Richardson*, No. 14-05-00675-CV, 2006 WL 2074681, at *6 (Tex. App.—Houston [14th Dist.] Jul. 27, 2006, pet. denied) (mem. op.). The four-year statute of limitations applies to Catt's fraud claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (West, Westlaw through 2021 R.S.).

In his live petition, Catt alleges that on November 9, 2012, Defendants legally obtained possession of Catt's personal property through a search warrant in a criminal investigation. Liberally construing Catt's petition, Catt is complaining that Defendants failed to follow the requirements of article 59.04 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 59.04. Under this statute, if a peace officer seizes property under Chapter 59 of the Code of Criminal Procedure, the attorney representing the State shall commence any forfeiture proceedings under article 59.04 not later than the thirtieth day after the date of seizure, by filing a notice of the seizure and intended forfeiture in the name of the State with the clerk of the district court in the county in which the seizure is made. *See id*. Liberally construing Catt's petition, he alleges that by December 10, 2012, after this deadline had passed, because no notice of the seizure and intended forfeiture had been filed and no copy of any such notice was timely served on Catt,

6

the Healy Parties waived any interest in lawfully maintaining possession of Catt's seized property after the conclusion of the criminal proceedings against Catt.

Catt pleaded guilty to aggravated robbery and was sentenced on December 5, 2013, and Catt refers to this date in his petition as the conclusion of the criminal proceedings against him. Catt also notes in his petition that on April 7, 2014, Catt filed a "Motion to Release Property" in cause number 12-DCR-061927 in the 400th District Court in Fort Bend County (the "Motion to Release"). Catt alleges in his petition that in the Motion to Release, Catt sought the release of his property due to the Healy Parties' lack of any interest in his seized property after the conclusion of the criminal proceedings.

Catt also alleges that on January 8, 2016, Catt filed suit in the 268th District Court in cause number 16-DCV-229074, seeking declaratory and injunctive relief. Catt notes that the trial court dismissed his claims in that case under Chapter 14 of the Civil Practice and Remedies Code and that this court affirmed the dismissal based on the running of the statute of limitations. *See Catt*, 2017 WL 2384636, at *1, 4–5. In that appeal, this court construed Catt's petition as alleging that after his property was seized pursuant to a search warrant, the appellees forfeited his property without providing the required notice and an opportunity to be heard. *See id*. at *1. In that case, Catt alleged that the appellees violated his right to due process under the United States Constitution and Catt sought an injunction for the release of all seized property against a presiding judge of the 400th District Court and against appellee Christopher DeLozier. *See id*. at *1, 4. This court concluded that a plaintiff's due process claim regarding forfeiture accrues when the plaintiff discovers or has reason to discover that the property has been forfeited without sufficient notice and that this date was either the deadline for commencing a forfeiture action or the conclusion of the criminal proceedings. *See id*. at *4–5.

7

Therefore, this court concluded that the statute of limitations on Catt's claims in that case began to run no later than on December 5, 2013, more than two years before Catt had filed suit. *See id.* This court concluded that because the two-year statute of limitations barred Catt's claims, the trial court did not abuse its discretion by dismissing Catt's claims as frivolous under Chapter 14 of the Civil Practice and Remedies Code. *See id.* at *5.

Catt also notes that in August 2018, Catt filed an original proceeding in this court seeking mandamus relief requiring the presiding judge of the 400th District Court to rule on the Motion to Release. *See In re Catt*, No. 14-18-00701-CR, 2018 WL 4017003, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018 [mand. denied], orig. proceeding) (not designated for publication). In this proceeding, our court denied relief and concluded that the Motion to Release had become moot because the property at issue had been forfeited.[1] *See id.*

On appeal, Catt argues that the running of limitations was tolled under the discovery rule, which Catt pleaded in his petition, and that therefore the trial court erred in finding that his claims have no arguable basis in law based on the statute of limitations. Catt asserts that because Defendants' possession of Catt's property was initially lawful, the discovery rule applied, and the limitations period did not begin to run until Catt discovered facts supporting his claim. According to Catt, he did not discover facts supporting his claim until August 23, 2018—the date on which this court issued its opinion in *In re Catt*. *See id.*

We presume for the sake of argument that the discovery rule applies and that the statute of limitations did not begin to run until Catt discovered facts supporting

---

[1] We cite this unpublished opinion in a criminal mandamus proceeding to show the procedural history of this case. We do not cite this unpublished opinion as an authority or as an opinion having precedential value. *See* Tex. R. App. P. 47.7(a).

his claim. But, as Catt mentioned in his petition, on April 7, 2014, Catt filed the Motion to Release. Before the trial court granted the Healy Parties' motion to dismiss, Catt submitted a copy of the Motion to Release to the trial court. In the Motion to Release, Catt sought release of the property in question and asserted that no notice of a forfeiture proceeding had been filed under article 59.04 of the Texas Code of Criminal Procedure within thirty days of the property's seizure or at any time before disposition of Catt's criminal case. In Catt's first appeal, this court held that the limitations period for his claims in that case began to run no later than on December 5, 2013, the date on which Catt was sentenced. The Motion to Release shows that by April 7, 2014, more than five years before Catt filed his claims in today's case, Catt had discovered facts supporting his claims. *See Catt*, 2017 WL 2384636, at *4–5.

On appeal, Catt also argues that the running of limitations was tolled under the fraudulent-concealment doctrine, which Catt pleaded in his petition, and that therefore the trial court erred in finding that his claims have no arguable basis in law based on the statute of limitations. The fraudulent-concealment doctrine, unlike the discovery rule, resembles equitable estoppel. *Sorrow v. Harris County*, 622 S.W.3d 496, 503 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). Fraudulent concealment is a fact-specific, equitable doctrine that tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015). When a defendant is under a duty to make a disclosure but conceals the existence of a claim from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should reasonably have discovered it. *Id*. at 229–30. Texas courts do not allow a party to avail itself of the protection of a statute of limitations when by its own fraud the

party has prevented the other party from seeking redress within the period of limitations. *Id*. at 230. However, "[t]he estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed [claim]." *Id*. (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983)) (internal quotations omitted). "Knowledge of such facts is in law equivalent to knowledge of the [claim]." *Id*. (quoting *Borderlon*, 661 S.W.2d at 909) (internal quotations omitted). The Motion to Release shows that by April 7, 2014, more than five years before Catt filed his claims in today's case, Catt had learned of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of Catt's allegedly concealed claims. *See Valdez*, 465 S.W.3d at 229–30.

In his arguments based on the discovery rule and the fraudulent-concealment doctrine Catt has not shown that the trial court erred in implicitly finding that Catt's claims have no arguable basis in law because the undisputed facts show that the statute of limitations bars these claims. *See Catt*, 2017 WL 2384636, at *4–5 (affirming trial court's dismissal of Catt's claims under Chapter 14 without an evidentiary hearing based on the statute of limitations); *Nabelek*, 290 S.W.3d at 228–30 (affirming Chapter 14 dismissal on the ground that the inmate's suit had no arguable basis in law because the statute of limitations barred his claims). Catt has not briefed any other argument challenging the trial court's implicit finding that Catt's claims have no arguable basis in law because the undisputed facts show that the statute of limitations bars these claims. Because Catt has not shown that the trial court erred in this regard, he has not shown that the trial court erred in granting Defendants' motion to dismiss.[2] Therefore, we overrule Catt's fifth issue.

---

[2] We need not and do not address Catt's other arguments under his fifth issue.

**C.** **Did the trial court err in failing to file findings of fact and conclusions of law?**

In his first issue, Catt asserts that the trial court erred in failing to issue findings of fact and conclusions of law despite his request that the court do so. If a trial court dismisses a case under Chapter 14 of the Civil Practice and Remedies Code without holding an evidentiary hearing, as the trial court in today's case did, Texas Rules of Civil Procedure 296 and 297 do not apply, and the trial court need not file findings of fact and conclusions of law, even if a party asks the court to do so. *See Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Therefore, we overrule Catt's first issue.

**D.** **Did the trial court reversibly err in denying Catt's motion to show authority under Texas Rule of Civil Procedure 12?**

In his second issue, Catt argues that the trial court erred in denying his motion to show authority under Rule 12 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 12. In his motion, Catt asserted that Catt believed the Fort Bend County Attorney was defending the Defendants without authority to do so. In the motion Catt asserted that he had not sued any of the Defendants in an official capacity and that Fort Bend County was not a defendant in this case. Catt also asserted that the Fort Bend County Attorney did not have any authority to represent Defendants because this case relates to civil asset forfeiture concerning criminal activity. The record does not reflect that this motion was set for a hearing. In its final judgment, the trial court denied all relief not expressly granted in the judgment, thereby denying Catt's motion. *See Catt*, 2017 WL 2384636, at *6.

We presume for the sake of argument that the trial court erred in denying this motion. We may not reverse the trial court's judgment based on this error, unless the error (1) probably caused the rendition of an improper judgment, or (2) probably prevented Catt from properly presenting the case to this court. *See* Tex.

11

R. App. P. 44.1(a). Under Chapter 14 of the Civil Practice and Remedies Code, the trial court had the power to dismiss Catt's claims on its own motion based on a finding that Catt's claims have no arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a),(b),(c). On this record, we conclude that any error by the trial court in denying Catt's motion to show authority under Rule 12 (1) did not probably cause the rendition of an improper judgment, and (2) did not probably prevent Catt from properly presenting the case to this court. *See* Tex. R. App. P. 44.1(a); *BP Automotive, L.P. v. RML Waxahachie Dodge, L.L.C.*, 448 S.W.3d 562, 576–77 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Hoffman v. Moore*, No. 13-18-00617-CV, 2020 WL 1951539, at *5 (Tex. App.—Corpus Christi Apr. 23, 2020, no pet.) (mem. op.). Therefore, we overrule Catt's second issue.

## E.     Did the trial court err by failing to void or set aside a pre-trial order?

In his fourth issue, Catt asserts that the trial court erred in "failing to void, set aside, vacate, or reverse" a pre-trial order setting the case for a bench trial on August 26, 2019. Catt appears to be arguing that the order setting the case for trial in August 2019 precluded the trial court from granting Defendants' motion to dismiss in May 2019. But, the order setting the case for trial did not prevent the trial court from granting the motion to dismiss, and the trial court did not need to void, set aside, vacate, or reverse this order to grant the motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a),(b),(c). We overrule Catt's fourth issue.

## F.     Did the trial court err by dismissing Catt's claims with prejudice?

On appeal, Catt also asserts that the trial court erred by dismissing Catt's claims with prejudice rather than without prejudice.  Because Catt cannot remedy the bar of the statute of limitations, the trial court did not abuse its discretion in dismissing Catt's claims with prejudice. *See Jedkins v. Varghese*, No. 14-08-

00895-CV, 2009 WL 5149877, at *3 (Tex. App.—Houston [14th Dist.] Dec. 31, 2009, no pet.) (mem. op.).

## III. CONCLUSION

Having overruled all of Catt's issues, we affirm the trial court's judgment.[3]


/s/    Randy Wilson
       Justice


Panel consists of Justices Wise, Bourliot, and Wilson.

---

[3] On October 7, 2021, Catt filed a motion asking this court to promptly render a decision. On November 15, 2021, Catt filed a motion asking this court to render an opinion and judgment in this case. With the issuance of the court's memorandum opinion and judgment today, each motion has become moot.