**Reversed and Remanded and Memorandum Opinion filed June 20, 2024.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-23-00110-CV

### LISA CLONTZ, Appellant

### V.

### MIMI PARK, Appellee

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-75930**

## M E M O R A N D U M   O P I N I O N

A pro se plaintiff appeals from the trial court's order dismissing the plaintiff's claims based on the pro se defendant's motion asserting that the claims are frivolous and that the plaintiff violated a temporary restraining order issued by a California court. Concluding that the trial court abused its discretion in granting the motion to dismiss, we reverse and remand.

## I. Factual and Procedural Background

Appellant/plaintiff Lisa Clontz, a Texas resident acting pro se, filed her Original Petition ("Petition") asserting claims against appellee/defendant Mimi Park, a California resident. Clontz attached various exhibits to her Petition that she alleged were evidence of her claims. Clontz proceeded to file additional exhibits to her Petition over the ensuing weeks.

Though Park claims that she filed an answer and asserted a general denial, the clerk's record does not contain any document whose substance is an answer or any document in which Park asserted a general denial. Instead, Park, acting pro se, filed a motion to dismiss Clontz's lawsuit (the "Motion to Dismiss") on the grounds that the lawsuit is frivolous and that Clontz violated a temporary restraining order issued by the Superior Court of California in Monterey County on October 20, 2022 ("California TRO"). Park attached four exhibits to her motion and later filed additional evidence in support of the motion. Clontz sent a letter to the trial court the substance of which was a response in opposition to the Motion to Dismiss. Clontz argued that her lawsuit was not frivolous. Clontz asserted that she had not been served with the California TRO and that she did not violate this order.

The Motion to Dismiss was submitted to the trial court for decision without an oral hearing. The trial court granted the Motion to Dismiss and dismissed the lawsuit, thus disposing of all claims and all parties. The trial court did not order Clontz to pay any penalty, monetary sanction, attorney's fees, expenses, or costs. Clontz timely perfected appeal from this final judgment.

## II. Issues and Analysis

On appeal, as in the trial court, Clontz and Park, neither of whom are

lawyers, are acting pro se.[1] Clontz argues that the trial court erred in dismissing her claims as frivolous. Clontz contends that her claims are not baseless, without merit, or made for an improper purpose and that they are warranted by existing law and good faith arguments. Clontz also asserts that Park filed the Motion to Dismiss in bad faith and did not meet the burden of proof warranting dismissal. Clontz contends that Park's arguments lacked merit and that the trial court should have denied the Motion to Dismiss. Clontz asks us to reverse the trial court's judgment and remand for further proceedings.

## A.     What claims has Clontz asserted against Park?

Because no special exceptions were sustained against Clontz's Petition,[2] this court must construe that pleading liberally in Clontz's favor to include all claims that reasonably may be inferred from the language contained in the petition, even if the petition does not include all the elements of the claim in question. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). In Clontz's Petition, she alleged as follows:

- In May 2022, Park contacted Clontz and requested a meeting to discuss working together, and the two women scheduled regular weekly meetings to begin to work together.

- Park asked Clontz to be Park's "co-founder at InstaMommies, for a 30% equity stake in the company with a double trigger accelerated vesting

---

[1] We liberally construe briefs and other filings submitted by pro se parties, and we hold pro se parties to the same standards as licensed attorneys, requiring them to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Rogers v. City of Houston*, 627 S.W.3d 777, 786 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

[2] After the trial court lost plenary power to grant a new trial or to vacate, modify, correct, or reform its final judgment, Clontz filed a First Amended Petition and then a Second Amended Petition. *See* Tex. R. Civ. P. 329b. In this appeal we determine whether the trial court erred in granting the Motion to Dismiss based on Clontz's Original Petition, which was before the trial court when it granted the Motion to Dismiss. *See Ginn v. Pierce*, 595 S.W.3d 762, 766 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

schedule, to protect [the] founders' stakes in the company."

- Clontz performed work as discussed with and requested by Park over the next five months.

- Clontz funded market research and "paid digital ad spend."

- Clontz and Park were "devoted founders" who were seeing success.

- Between October 5 and October 9 of 2022, Park unlawfully removed Clontz from the "SaaS" Clontz had created as a co-founder, and Park took control of or claimed ownership of Clontz's work.

- Park allegedly revoked Clontz's equity stake in InstaMommies and promised to compensate Clontz for her time and work.

- Clontz sent Park a letter demanding payment for Clontz's "work, funds, and time she invested into 'InstaMommies' at [Park's] request and [the] honoring of [Clontz's] equity stake."

- On October 10, 2022, Park sent a text message to Clontz stating that Clontz is no longer affiliated with InstaMommies, that Clontz should stop communicating with Park, and that Clontz may communicate with InstaMommies's lawyer (the "Lawyer"). Park threatened to file an application for a temporary restraining order, even though there was no physical threat from Clontz or any rational basis for doing so.

- From October 12 through October 21 of 2022, Clontz and the Lawyer communicated back and forth, and Clontz tried to receive the compensation that Park had promised her.

- The Lawyer tried to use "an incomplete [Nondisclosure Agreement] to claim [the] right to [Clontz's] work and justify the unlawful behavior of [Park]."

- During this time Park attempted to erase or destroy all evidence of Clontz's work by removing evidence from the internet, deleting the website, reconstructing or damaging social media pages, and changing logos or branding.

- Park was contacted by the Chief Executive Officer of Zenbase, Clontz's future employer, and Park made negative statements about Clontz and attempted to convince Zenbase not to hire Clontz, falsely stating that Clontz was "'blackmailing' [Park] with a Facebook page."

- On October 23, 2022, Park or someone acting on her behalf allegedly committed "perjury" via LinkedIn by stating that Clontz had never

4

worked at InstaMommies so as to have Clontz's work history removed from her LinkedIn profile.

Clontz sought to recover $82,550 for her work, a 30% equity interest in InstaMommies, damages for pain and suffering, attorney's fees and expenses. Liberally construing Clontz's Petition in Clontz's favor, we conclude that claims by Clontz against Park for breach of contract, quantum meruit, and defamation may reasonably be inferred from the language contained in the Petition. *See Kings River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 442, 444 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Therefore, Clontz asserted these claims against Park in the Petition, and the trial court dismissed these claims when it granted the Motion to Dismiss.

## B.     What was the Motion to Dismiss?

We give effect to the substance of the Motion to Dismiss, rather than the motion's form or title. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). In the Motion to Dismiss, Park asserted as follows:

- Park moved to dismiss Clontz's lawsuit on the grounds that the lawsuit is frivolous and that Clontz is in violation of the California TRO.

- Park obtained a temporary restraining order against Clontz "prohibiting her from engaging in any further fraudulent activities, harassment or continued possession of stolen company property, which [Clontz] admits in her lawsuit she is admittedly in possession of. . . ."

- Clontz is known for engaging in harassment and extortion activities against multiple owners of businesses and has been under investigation by the Houston field office of the FBI, with whom Park has cooperated.

- Throughout this time of continued harassment, Clontz's filing of this lawsuit, and her continued possession of stolen property, Clontz has deliberately evaded the California TRO. A Harris County deputy has attempted to serve the California TRO on Clontz eight times.

- Clontz has ignored a cease-and-desist letter sent to her by the Lawyer.

5

- Under Texas law a lawsuit may be dismissed if it is frivolous, which means that the lawsuit is without merit and has no legal basis.

- Clontz's actions violate the California TRO and Clontz's "continued evasion" of the California TRO "demonstrates a lack of regard for the law." "As such, [Park] believes that this lawsuit is frivolous and should be dismissed."

- Clontz's continued fraudulent activities and theft of InstaMommies property are causing harm to Park and her business. Dismissing Clontz's lawsuit would help to protect Park's business from Clontz's harmful actions.

- Pursuant to agreements Clontz has signed, the governing law and exclusive jurisdiction is in Monterey, California.

In the Motion to Dismiss Park did not ask the trial court to award her any penalty, monetary sanction, attorney's fees, expenses, or costs, and the trial court did not order Clontz to pay any amount. The trial court did not cite any rule or statute in its final judgment.

This Court has struggled to determine how to characterize the Motion to Dismiss. In the body of the motion, Park states that she "moves to dismiss the lawsuit filed by [Clontz] on the grounds that the lawsuit is frivolous and [Clontz] is in violation of [the California TRO]." However, Park cited no rule or statute upon which the Motion to Dismiss is based.

At first blush, one would be tempted to say that the motion is based on Rule 91a which permits dismissal of a cause of action "on the grounds that it has no basis in law or fact." *See* Tex. R. Civ. P. 91a. However, Rule 91a goes on to state that a "motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." Tex. R. Civ. P. 91a.2. Park's Motion to Dismiss failed to comply with Rule 91a.2 so it cannot be considered a motion to dismiss pursuant to Rule 91a. *See id*; *Wilson v. Wilson*, No. 14-19-00767-CV, 2021 WL 2837293, at \*3 (Tex. App.—Houston

6

[14th Dist.] Jul. 8, 2021, no pet.) (mem. op.).

Another possibility is that the Motion to Dismiss was based on Texas Rule of Civil Procedure 13 which authorizes sanctions available under Texas Rule of Civil Procedure 215, including dismissal, for suits that are "groundless and brought in bad faith or groundless and brought for the purpose of harassment." Tex. R. Civ. P. 13. However, again, Park did not cite or argue Rule 13, and, in any event, the trial court did not base the dismissal order on Rule 13 which requires that a sanctions order be based on good cause, "the particulars of which must be stated in the sanctions order." *Id*. The substance of the Motion to Dismiss was not a motion for sanctions under Texas Rule of Civil Procedure 13.

Similarly, Park did not cite any part of Chapter 9 or 10 of the Civil Practice and Remedies Code. Park did not allege that Clontz signed the Petition in violation of section 10.001 of the Civil Practice and Remedies Code, nor did she describe specific conduct of Clontz that allegedly violated section 10.001. *See* Tex. Civ. Prac. & Rem. Code Ann § 10.001 *et seq*. (West, Westlaw through 2023 4th C.S.). Moreover, Park did not allege that the Petition was groundless or that Clontz signed the Petition in violation of any of the standards prescribed by section 9.011 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann § 9.001 *et seq*. (West, Westlaw through 2023 4th C.S.). The substance of the Motion to Dismiss was not a motion for sanctions under either Chapter 9 or 10 of the Civil Practice and Remedies Code.

The final possibility is that the Motion to Dismiss is based on the trial court's inherent power rather than on any rule or statute. This court has concluded that trial courts have the inherent power to impose sanctions "to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process." *Westview Drive Investments, LLC v. Landmark American Insurance Co.*,

522 S.W.3d 583, 613 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (internal quotations omitted). This court has also stated that "a trial court also has the inherent power to control the disposition of cases" and to "intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time." *Porras v. Jefferson*, 409 S.W.3d 804, 807 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Though a trial court has the inherent power to dismiss a case for want of prosecution, this power does not "confer upon the court the authority to adjudicate and deny the merits of the dismissed claim." *Id*. at 807–08. Moreover, "a trial court's inherent power does not include the authority to make substantive rulings on issues such as the enforceability or validity of contracts." *Id*. at 808. (internal quotations omitted). In *Porras*, the movant did not even file a motion to dismiss, whereas, in the present case, Park at least filed a motion to dismiss. *See id*. We will presume, without deciding, that the trial court had the inherent power to dismiss Clontz's claims if the claims were frivolous or in violation of a California TRO, and we treat the Motion to Dismiss as a request by Park that the trial court exercise this power.

**C.      Did the trial court err in granting the Motion to Dismiss?**

We now determine whether the trial court erred in granting the Motion to Dismiss. We presume for the sake of argument that we review this ruling under the abuse-of-discretion standard of review. The main argument Park asserts in the Motion to Dismiss is that Clontz's claims are frivolous. In this context, we conclude that a frivolous claim is one that does not have a reasonable basis in law or fact. *See Rivera v. Port Arthur Indep. Sch. Dist.*, No. 13-14-00214-CV, 2016 WL 1613285, at *8 (Tex. App.—Corpus Christi Apr. 21, 2016, no pet.) (stating that "a 'frivolous' suit is generally understood to mean one that does not have a reasonable basis in law or fact"). Parts of the Motion to Dismiss are based on an *ad hominem* premise that does not logically follow: that if Clontz has engaged in

8

criminal or tortious conduct, then the claims she asserts in this lawsuit must be frivolous. This does not follow because a person who has engaged in tortious or criminal conduct may have non-frivolous claims against another for breach of contract, quantum meruit, or defamation. Whether any such claims are frivolous depends on the elements needed to prove these claims and whether these claims have a reasonable basis in law or fact. *See id*. Even if each of the following were true, which we do not decide, these propositions are not relevant to whether Clontz's claims are frivolous: (1) Clontz has violated the California TRO; (2) Clontz is known for engaging in harassment and extortion activities against multiple owners of businesses; (3) Clontz has been under investigation by the FBI; (4) Clontz has harassed Park and retained property that Clontz stole from Park; (5) Clontz has deliberately evaded attempts to serve the California TRO on her; and (6) Clontz has engaged in fraudulent activities and theft of InstaMommies property that have harmed Park and her business. These allegations in the Motion to Dismiss, even if true are irrelevant to the issue of whether Clontz's claims are frivolous.

The copy of the California TRO that Park submitted does not prohibit Clontz from filing any lawsuit against Park; rather, the California TRO allows Clontz to have a process server or other person serve legal papers related to a court case on Park. In addition, an order from the California court states that as of December 23, 2022, the California TRO had not been served on Clontz. Thus, as Park indicates in the Motion to Dismiss, when Clontz filed her Petition she had not been served with the California TRO. There was no evidence that the California TRO had been served on Clontz when the trial court granted the Motion to Dismiss. Even if it were relevant, Park did not show that Clontz violated any part of the California TRO.

9

At the end of the Motion to Dismiss Park states that "pursuant to the agreements [Clontz] has signed, the governing law and exclusive jurisdiction is in Monterey, California." Park does not state in the motion the alleged agreements to which she refers. Based on the documents submitted by Park, it appears that these alleged agreements are a Nondisclosure Agreement and an Assignment of IP and Other Assets Agreement. In the context of Park's motion, we conclude that Park was asserting that Clontz's claims are frivolous and violate the California TRO based on the choice of law and exclusive jurisdiction provisions in these agreements. We do not construe the Motion to Dismiss as alleging that Clontz agreed to a forum selection clause mandating that her claims be filed only in Monterey, California. In any event, Park did not submit a copy of the Assignment of IP and Other Assets Agreement in the trial court below, and Park completely failed to authenticate the Nondisclosure Agreement document that she submitted to the trial court. Thus, Park did not show that the alleged agreements that Clontz purportedly entered into show that Clontz's claims are frivolous or show that Clontz violated the California TRO.

In the Motion to Dismiss, Park did not address the elements of any of Clontz's claims or show that any claim does not have a reasonable basis in law or fact. *See id.* The evidence that Park submitted in support of her motion does not show that (1) any of Clontz's claims do not have a reasonable basis in law or fact, or (2) that Clontz violated the California TRO. *See id.*

On appeal, Park makes numerous factual allegations that were not made in the Motion to Dismiss and that are not supported by the evidence that was before the trial court when it granted the Motion to Dismiss. These allegations are not relevant to the issues before us today, and we will not address them.

Park also appears to argue on appeal that the exercise of personal

10

jurisdiction over Park by the trial court would violate due process. Park made a general appearance when she filed the Motion to Dismiss, and she never made a special appearance in the trial court challenging the court's ability to assert personal jurisdiction over her. Therefore, Park has waived any personal-jurisdiction challenge. *See* Tex. R. Civ. P. 120a(1); *Kehoe v. Pollack*, 526 S.W.3d 781, 789–90 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

For the reasons stated above, we conclude that the trial court abused its discretion in granting the Motion to Dismiss.[3] *See State v. PR Investments & Specialty Retailers, Inc.*, 180 S.W.3d 654, 670–73 (Tex. App.—Houston [14th Dist.] 2005) (en banc), *aff'd*, 251 S.W.3d 472, 473 (Tex. 2008); *Rivera*, 2016 WL 1613285, at *8.

**D.      Should this court grant Clontz's Motion for Sanction?**

On appeal, Clontz has filed a motion asking this court to award monetary sanctions against Park and in favor of Clontz based on Park's alleged violations of section 10.001 of the Civil Practice and Remedies Code by statements Park made in her appellate brief. *See* Tex. Civ. Prac. & Rem. Code Ann § 10.001. Because section 10.001 of the Civil Practice and Remedies Code does not apply to appellate briefs, Clontz's motion lacks merit, and we deny Clontz's Motion for Sanction. *See id*.

**E.      Should this court grant Park's Motion for Attorneys' Fees and Cost?**

On appeal, Park has filed a motion asking this court to (1) award Park, as the prevailing party on the Motion to Dismiss, her reasonable expenses and attorney's fees incurred in presenting the Motion to Dismiss as well as other costs under

---

[3] In adjudicating this appeal we do not address whether Clontz's claims have merit or whether Clontz entered into or is bound by a Nondisclosure Agreement or an Assignment of IP and Other Assets Agreement. In addition, we need not and do not address Clontz's other arguments on appeal.

section 9.012 of the Civil Practice and Remedies Code; (2) award Park her just damages based on Clontz's frivolous appeal; and (3) order Clontz to pay Park monetary damages under section 10.004 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann §§ 9.012, 10.004; Tex. R. App. P. 45. Park did not seek relief under section 9.012 of the Civil Practice and Remedies Code in the trial court, and we have concluded on appeal that the trial court erred in granting the Motion to Dismiss. Because of this conclusion, Clontz's appeal was not frivolous. Section 10.004 of the Civil Practice and Remedies Code does not apply to proceedings on appeal. *See* Tex. Civ. Prac. & Rem. Code Ann § 10.004. Therefore, Park's motion lacks merit, and we deny Park's Motion for Attorneys' Fees and Cost. *See id.*

### III. CONCLUSION

Liberally construing Clontz's Petition in her favor, we conclude that Clontz asserted claims against Park for breach of contract, quantum meruit, and defamation. Even if the Motion to Dismiss is a motion based on the trial court's inherent power rather than on any rule or statute, Park did not submit argument or evidence showing that any of Clontz's claims was frivolous or that Clontz had violated the California TRO. The trial court abused its discretion in granting the Motion to Dismiss. We reverse the trial court's judgment and remand the case for further proceedings.


/s/    Randy Wilson
       Justice

Panel consists of Justices Wise, Zimmerer, and Wilson.

12